**MADIGAN et v**
**DOLLAR BUILDING & LOAN CO**

Ohio Appeals, 2nd Dist, Franklin Co

No 2542.   Decided Oct 10, 1935

Chalmers M Parker, Columbus, for plaintiffs in error.

C. L. Post, Columbus, for defendant in error.

**OPINION**

By BARNES, PJ.

The defendants prosecuted error in this court, the sole question for determination being whether or not the Court of Common

Pleas under the state of the record had jurisdiction to enter judgment for foreclosure under the allegations of the second cause of action of the petition and the supplemental petition. It is contended by the defendant Nigl, assignee. that by the filing of the deed of assignment in the Probate Court, and the qualification by giving bond to the approval of the court, thereby the Probate Court acquired jurisdiction of the subject matter of the trust, and that the jurisdiction thus acquired was exclusive of all of the courts. Under the recognized rule of comity, in effect that where a court of competent jurisdiction has acquired possession of the subject matter, and the right of a party to prosecute his action has once attached, the right of the court to retain the case can not be defeated by the institution of proceedings in another court although of concurrent and co-ordinate jurisdiction. This rule is as ancient as our jurisprudence and has never been questioned in any jurisdiction. Boynton, J., of the Supreme Court, in the case of Dwyer et v Garlough et, 31 Oh St, 158, at page 160, in referring to this question, uses the following language.

"The existence of the rule contended for is clearly established. As between courts of concurrent and co-extensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings, and the service of the required process, acquires the right to adjudicate upon the whole issue, and to settle the rights of the parties to the exclusion of all other tribunals."

We also refer to the case of Havens et v Horton, Jr., 53 Oh St, 342, first and second syllabi:

"1. Where a deed of assignment has been filed in the Probate Court in accordance with §6335, Revised Statutes, and the assignee has qualified, that court is clothed with jurisdiction to fully execute the trust. And where such deed conveys land incumbered by mortgage, the court has power, as an incident of jurisdiction, to order the lands sold and the mortgage satisfied.

"2. Jurisdiction thus acquired is not ousted by the subsequent commencement of an action by the mortgagee in the Court of Common Pleas of the county, to foreclose the mortgage."

The above principle of law, like all others, has its exceptions, and the principle in this state has been repeatedly announced that the jurisdiction of the Probate Court in assignment proceedings is not exclusive in cases where such court by reason of its limited power and jurisdiction can not grant the full relief to which a party is entitled. We find this principle of law set forth in the case of Robinson et v Williams et, 62 Oh St, 401, Syl. 1.

"1. The Court of Common Pleas has jurisdiction in the foreclosure of a mortgage, notwithstanding a previous assignment of the mortgagor for the benefit of creditors, in all cases where the remedy in the Probate Court is inadequate. And this is so where assignment does not include all the property covered by the mortgage; or. as in this case, the mortgagor, after making the mortgage, has plotted the land into lots and streets and made of it an addition to the city, without the assent of the mortgagee, and disposed of some of the lots."

The reason for this rule is very apparent and the mere statement of facts in the case cited will at once disclose the necessity for the rule. The plaintiff, the mortgagor, seeking foreclosure in the Common Pleas Court, after the assignment in the Probate Court, could not possibly be given full relief in the assignment proceedings. The statement of facts discloses that the mortgage was originally taken on acreage. Thereafter the owner plotted the tract into numbered lots showing streets and alleys. Two lots were sold. The deed of assignment described the property by lot number, and not by metes and bounds. This at once discloses that neither the two lots sold nor the streets would be included in the deed of assignment, whereas the mortgage covered the entire area within the metes and bounds included in the acreage. Neither the assignee nor the Probate Court would have jurisdiction over any property not included in the deed of assignment. In the interests of avoiding a multiplicity of suits the rule of law has been promulgated as above.

Another decision of the Supreme Court in point is the case of Dwyer et v Garlough et, 31 Oh St, 159. The principle is clearly set forth at page 160 of the opinion.

"Where a court of law and a court of equity have concurrent jurisdiction over the same subject, it frequently happens that the former tribunal, because of inadequate or limited powers, is unable to afford that relief which a party has the right to demand, and which a court of equity is fully competent to give. In such case, a court of equity is clothed with complete jurisdic-

tion, and if necessary to the full protection of the rights of a party, will enjoin further proceedings in the action at law. In so doing, it but exercises that jurisdiction very commonly and properly resorted to in cases where there is no specific, adequate, and complete remedy at law."

This case was decided in 1877.

The identical questions of fact were presented in the reported case as in the instant case, and unless the rule of law is modified through extension of power of the Probate Court or legislation relative to dower gives to the Probate Court jurisdiction to grant full relief, then under the rule of stare decisis the plaintiff must prevail. In the reported case in 31 Oh St. supra, it appears that the defendant Garlough held a mortgage, executed by the plaintiff's assignor, whose wife had released her inchoate right of dower in the premises mortgaged. For the satisfaction of his debt he had the right to foreclose her equity of redemption and to sell her interests in the property mortgaged as well and as fully as to foreclose and sell the equity therein of the husband. In the deed of assignment, which was made and filed in the Probate Court prior to the foreclosure action in the Common Pleas Court, the wife had not joined.

Boynton, J., in rendering the opinion, called attention to the fact that the jurisdiction of the Probate Court was purely statutory and that the statute is therefore the source of power. It is further stated under the then existing law that neither the Probate Court nor the assignees had the power, under the act regulating the mode of administering assignments in trust for the benefit of creditors, to cause the inchoate dower interest of the wife in the property mortgaged to be extinguished by a sale to which she did not consent. A further excerpt from the opinion is of interest and we quote it literally:

"The interest or estate that the assignee is authorized to sell, either with or without an order from the Probate Court, is defined by the fifth section of the act. That section requires the assignee to make due return of all sales of real estate, made by him, to the Probate Judge, and if confirmed, to execute a deed to the purchaser, 'conveying the title, free from all liens on the same, for all debts due by the assignor.' The property required to be sold is the real and personal property assigned. The property assigned was the property belonging to the assignor, and did not embrace or

include the inchoate dower interest therein belonging to his wife. In authorizing or empowering the assignee, upon confirmation of the sale, to convey the title free from all liens on the same for all debts due by the assignor, the legislature evidently contemplated liens created by him. It was not intended to include liens on an interest in the property, that did not belong to the assignor, and which constituted no part of his estate."

In considering this case, which in its facts is on all fours with the instant case, it becomes necessary to examine the present state of the statutory law relative to the powers and to the jurisdiction of Probate Courts, particularly as it applies to assignments or determination of inchoate dower.

In 1877, at the time of the decision of the case of Dwyer v Garlough, 31 Oh St, supra, the Probate Court was granted no equity power or jurisdiction in any action or proceeding. This principle was announced as early as 1853. **Gilliland v Admr. of Sellers, 2 Oh St 223.** Neither are we able to find, nor has our attention been called to, any existing legislation authorizing Probate Courts to deal with rights of inchoate dower in assignment proceedings as of the date of the decision in 31 Oh St, supra. In 1891 the legislature amended and supplemented §6350 of the Revised Statutes, all of which pertained to procedural steps in assignment proceedings in the Probate Court. Ohio Laws, Vol. 88, p. 181. In addition to the amended §6350, there were enacted 8 supplemental sections. §6350-f prescribed as a procedural step that when real estate is to be sold in the Probate Court under assignment, the wife of the assignor may be made a party and she may file her answer and ask the court to have said real estate sold free of her contingent right of dower, and the court may then allow her in lieu thereof out of the proceeds of sale such sums of money as the court deems a just and reasonable value of her contingent dower interest. The section also provides that the answer of the wife shall have the force and effect and shall be taken and held to be in all respects as a deed of release of her contingent dower interest therein. §6350-g attempted to take care of a situation where there was an existing unpaid mortgage against the premises, or where the existing mortgage was for the purchase money of the premises assigned. Under this situation it is provided that the court should order the sale of the premises free from the contingent right of

dower of the wife and shall then find and determine the just and reasonable value of her contingent dower interest in the balance of the proceeds of such sale after the payment of such incumbrances as preclude her right of dower. These supplemental sections f and g above referred to now appear in §§11123 and 11124 GC. However, supplemental §6350-f was amended in February, 1894, as appears in Ohio Laws, Vol. 91, p. 35. By reason of the present statutory law as referred to in the above amendatory and supplementary acts, we are constrained to the view that in so far as applicable they fully meet the infirmities of the law under which the Supreme Court in 31 Oh St, supra, found that the Probate Court could not afford full and adequate relief by reason of the wife's right to inchoate dower. This is particularly true where there is an existing mortgage signed by the wife.

Under a proceeding to sell in the Probate Court instituted by the assignee, the wife is made a party as would also be the mortgagee The mortgagee files his answer and cross-petition setting up all the requisite allegations including the fact that the wife assigned the mortgage and thereby released her inchoate right of dower. The court will then follow the provisions of §11124 GC, and order the premises sold free of her dower, and thereafter will allow to her in money, if there be sufficient remaining after the payment of the mortgage lien obligation, the value of her dower out of the remaining funds.

Our attention has been called to the case of the **Elmwood Place Building & Loan Company v Shenk et, 9 Oh Ap, 365,** wherein the Court of Appeals of the 1st District, deciding the case on November 29, 1918, determined that under a state of facts similar to those in the instant case, the Probate Court could not grant full relief in the extinguishment of inchoate dower and therefore the Common Pleas Court would have jurisdiction in foreclosure. The Court of Appeals cited in support of its finding the case of **Dwyer et v Garlough et, 31 Oh St, 158,** and **Robinson et, v Williams et, 62 Oh St, 401.** We have made extended reference to both of these cases in the earlier pages of this opinion. The case in 62 Oh St, supra, did not involve the question of inchoate right of dower, and so is not applicable to the present inquiry. The cited case in 31 Oh St, supra, as heretofore indicated, antedated the supplementary sections of the statute and therefore we think are not supporting. It is an inexplainable fact that §11124, GC, is not mentioned in the opinion rendered by the Court of Appeals of the First District.

We do find, however, in §11124 GC an infirmity that gives us much concern. A careful reading of this section will disclose that under its literal language it only authorizes the sale to be made free of the contingent right of dower of the **wife.** (Black face is ours). There is nothing in the language showing that it applies to the dower of a husband. We also call attention to the further significant fact that supplemental §6350-f as originally enacted only refers to the wife's right to agree to release her contingent right of dower and accept the value of same in money. The amendment made in 1894 (O. L. Vol. 91, p. 35) contained no other changes than adding the word 'husband', so that thereafter it would include contingent right of dower of either husband or wife. The fact that the legislature picked out the one section and made an amendment of this character, would indicate that they did not intend to include the husband in the other section.

However, under other provisions of the Probate Court as enacted and becoming effective January 1st, 1932, we find that the powers of the Probate Court are so enlarged as to enable it to give full and adequate relief under any and all proceedings properly brought in that court. We now refer to §10501-53 GC under numbered paragraph 13.

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court unless the power is expressly otherwise limited or denied by statute."

Plenary power has a well defined legal meaning and significance. It means full, entire, complete, absolute. It will be observed that the above provision not only gives to the Probate Court plenary power in law, but also in equity, and thereby all infirmities touching the jurisdiction of the Probate Court are taken care of.

All that is necessary to give the Probate Court the plenary power in law and equity is to determine that the subject matter is properly before the court and also to make the further inquiry as to whether there is a statutory limitation on the exercise of the power of the Probate Court. Applying these principles to the instant case it can not be questioned that the Probate Court has jurisdiction in assignment proceedings and of course the sale of the real estate

and other assets coming into the hands of the assignee.

We are unable to find any statutory limitations expressly limiting the power or jurisdiction of the Probate Court.

The query may arise in the minds of counsel, as it has in the court's, as to whether or not the legislature has the right to grant the Probate Court equity powers. Upon mature reflection we are unable to find any reason denying the right. Before announcing the final conclusion we might comment on the claim that is made that the Probate Court did not have jurisdiction to grant full relief by reason of the fact that it would have no authority to enter personal judgment or deficiency judgment. This court very recently in the case of **Southard et v Prudential Insurance Company**, No. 2321, Court of Appeals, Franklin County, Ohio, reported in **Vol. 15 Abs, p. 457,** held to the proposition that lack of jurisdiction in the Probate Court in an assignment for the benefit of creditors to render personal judgment does not entitle the holder of the mortgage to maintain an action in the Court of Common Pleas for foreclosure. We think that this question was necessarily involved in the case of **Havens v Horton, Jr., 53 Oh St, 342,** although not mentioned in the opinion or syllabus. However the statement of facts discloses that there was set forth in the first cause of action a claim for personal judgment.

Under the state of the record it is our conclusion that the judgment of the lower court must be reversed.

Exceptions will be allowed.

Entry may be presented in accordance with the above finding.

HORNBECK and BODEY, JJ, concur.