**ROLL et al., Appellants,**

v.

**EDWARDS, Appellee, et al.**

[Cite as *Roll v. Edwards*, 156 Ohio App.3d 227, 2004-Ohio-767.]

Court of Appeals of Ohio,
Fourth District, Ross County.

Nos. 03CA2694 and 03CA2714.

Decided Feb. 17, 2004.

---

1. (1999), 85 Ohio St.3d 632, 638–639, 710 N.E.2d 699.

James R. Kingsley, for appellants.

Clifford Bugg, for appellee.[1]

KLINE, Presiding Judge.

{¶ 1} Earl W. and Robert Roll ("Earl" and "Robert") appeal from the judgments of the Ross County Court of Common Pleas, General Division ("common pleas court"), and the Ross County Court of Common Pleas, Probate Division ("probate court"), dismissing their intentional-interference-with-expectancy-of-inheritance claims. They also appeal from the judgment of the common pleas court dismissing their related promissory-estoppel claims. For purposes of this decision and judgment entry, we have consolidated these two related cases. Because we find that the probate court lacks jurisdiction to hear the interference-with-expectancy-of-inheritance claim, we overrule Earl and Robert's sole assignment of error in the probate matter, and affirm the judgment of the probate court.

{¶ 2} Additionally, we find that, unless and until the probate court rules against Earl and Robert in their pending will-contest action, they have suffered no damages that would entitle them to recovery in their claims before the common pleas court. Because we find that their common pleas claims are not yet ripe, we overrule Earl and Robert's first and second assignments of error in the common pleas action and affirm the judgment of the common pleas court. However, we remand this cause to the Ross County Court of Common Pleas, General Division, with instructions to correct its journal entry to reflect that the dismissal of Earl and Robert's complaint is without prejudice.

I

{¶ 3} Earl married Judith Ferne Roll ("Judith") on August 22, 1947. They had two children, Robert W. Roll and Stephanie A. Edwards ("Stephanie"). Robert has two children, Angela Roll–Congrove ("Angela") and Carrie Stauffer ("Carrie"). Stephanie is without issue.

{¶ 4} Judith died on July 9, 2002. On July 22, 2002, Judith's will, dated April 22, 2002, was admitted to probate in the Ross County Probate Court. In her April 2002 will, Judith bequeathed a number of valuable heirlooms to Stephanie,

---

1. Angela and Shane Congrove did not appeal from the common pleas court's decision.

and the remainder of her estate in equal shares to Stephanie and Robert. In this will, Judith disinherits her surviving spouse, Earl, without a specific disinheritance clause.

{¶ 5} On July 29, 2002, Robert W. Roll filed a will contest in the probate court. He subsequently amended the complaint to include Earl as a plaintiff. In the amended complaint, Robert and Earl allege that Judith was incompetent and subject to undue influence at the time she executed the April 22, 2002 will. Additionally, they allege that Stephanie engaged in a course of conduct intended to interfere with their expectancy of inheritance, as they claim that Judith promised them all of the real property in which she had a legal interest and the majority of all her other assets. Accordingly, Robert and Earl requested that the probate court find the April 22, 2002 will invalid, vacate the order admitting it to probate, and grant them a judgment against Stephanie in an amount in excess of $250,000 for her tortuous interference with their expectancy of inheritance. On January 15, 2003, Stephanie filed a motion to dismiss Robert and Earl's claim for intentional interference with expectancy of inheritance pursuant to Civ.R. 12(B)(1), alleging that the probate court lacked jurisdiction to hear the claim.

{¶ 6} Uncertain as to whether the probate court had jurisdiction to hear their claim of intentional interference with expectancy of inheritance, Earl, Robert, Robert's daughter, Angela, and her husband, Shane, filed a separate complaint in the common pleas court on September 25, 2002. In that complaint, they allege that on April 8, 1987, Judith and Earl executed mutual wills, wherein Judith left her entire estate to Earl. In the event that Earl did not survive her, Judith's 1987 will left $10,000 each to Stephanie, Angela, and Carrie, while leaving the remainder of her estate to Robert.

{¶ 7} In their first cause of action, Earl, Robert, and Angela claim that Stephanie intentionally interfered with their expectation of inheritance. The second cause of action alleges that Robert is entitled to specific performance of Judith and Earl's representations that they would transfer certain real estate to him if he would live on and farm the land. The third cause of action alleges that Angela and Shane are entitled to specific performance of Judith and Earl's representations that they would transfer certain real estate to Angela and Shane if they moved into and fixed up a home located on the property.

{¶ 8} Stephanie filed a motion to dismiss the common pleas case, pursuant to Civ.R. 12(B)(6), alleging that the complaint failed to state a claim upon which relief could be granted. Specifically, Stephanie asserted that the statute of frauds precluded plaintiffs' claims for specific performance and that a claim for tortious interference with an inheritance may not be pursued if adequate relief is available to the plaintiffs through probate procedures such as a will contest.

{¶ 9} On December 10, 2002, the common pleas court granted Stephanie's motion to dismiss the complaint. In its journal entry, the common pleas court noted that the essence of the complaint was that Stephanie wrongfully obtained property from Judith, which should have been bequeathed to Earl, by having Judith change her will before her death. The common pleas court found that the relief available to Earl through the probate procedure of a will contest would make Earl whole, and, therefore, protect the expectancies of the other plaintiffs, which derive only from Earl's sole ownership of the real estate. As the will contest provided plaintiffs with adequate relief, the court dismissed their claims for failure to exhaust appropriate probate procedures.

{¶ 10} Earl and Robert timely appealed from the common pleas court's judgment dismissing their complaint, raising the following assignments of error: "1. Does a will contest in probate court preclude a simultaneous interference with expectation of inheritance suit in common pleas court? 2. Did the trial court commit prejudicial error when it dismissed the claim of promissory estoppel asserted by the parties which was not subject to the will contest?"

{¶ 11} On February 4, 2003, the probate court issued a judgment entry, wherein it found that it lacked both exclusive and concurrent jurisdiction to hear Earl and Robert's claim for intentional interference with expectancy of inheritance. Additionally, the probate court concluded that it did not have plenary authority under R.C. 2101.24(C) to hear the claim, as the court could fully adjudicate the will-contest action without addressing the tort action. Accordingly, the trial court granted Stephanie's motion to dismiss the tort claim. On March 18, 2003, Earl and Robert requested that the probate court certify that there was no just reason for delay so that they could initiate an immediate appeal to determine whether the probate court had jurisdiction over their tort claim. On March 31, 2003, the probate court issued a nunc pro tunc judgment entry, certifying that there was no just reason for delay of the appeal.

{¶ 12} Earl and Robert timely appealed from the judgment of the probate court, raising one assignment of error: "Did the probate court commit prejudicial error when it dismissed the action filed for intentional interference with expectation of inheritance?"

{¶ 13} Because the probate and common pleas cases are closely related, we have consolidated them for purposes of this decision and judgment entry.

## II

{¶ 14} We begin our analysis with Earl and Robert's sole assignment of error in the probate matter, wherein they argue that the probate court erroneously

dismissed their intentional-interference-with-expectation-of-inheritance claim on the ground that the court lacked subject matter jurisdiction.

{¶ 15} The legal standard for deciding a motion to dismiss pursuant to Civ.R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. This determination involves a question of law that we will review de novo. *Shockey v. Fouty* (1995), 106 Ohio App.3d 420, 424, 666 N.E.2d 304.

{¶ 16} The probate court is a court of limited and special jurisdiction. It has only the powers granted to it by statute. *Corron v. Corron* (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708; *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 34, 488 N.E.2d 210.

{¶ 17} In enacting R.C. 2101.24, the General Assembly has specifically set forth those matters that are properly placed before the probate court. Those matters that may be properly and exclusively placed before the court are enumerated and limited in scope by R.C. 2101.24(A)(1)(a) to (cc). In addition to those matters over which the probate court has exclusive jurisdiction, R.C. 2101.24(B)(1) provides: "The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas * * * to hear and determine * * * : (a) If jurisdiction relative to a particular subject matter is stated to be concurrent in a section of the Revised Code or has been construed by judicial decision to be concurrent, any action that involves that subject matter."

{¶ 18} Earl and Robert do not argue that the probate court has either exclusive or concurrent jurisdiction to hear their intentional-interference-with-expectancy-of-inheritance claim because there is no statute or judicial decision granting the probate court such jurisdiction. While such jurisdiction would be logical and would foster judicial economy by allowing a will contest and a claim for intentional interference with expectancy of inheritance to be tried together, such jurisdiction cannot exist in the absence of statutory authority.

{¶ 19} Because the probate court clearly does not have exclusive or concurrent jurisdiction, Earl and Robert attempt to demonstrate that the probate court has jurisdiction to hear their claim pursuant to the probate court's plenary powers. R.C. 2101.24(C) provides: "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

{¶ 20} While the powers of the probate division are plenary, they are so only with respect to matters "properly before the court." The legislative grant of plenary power to the probate court is the nature of the power and authority of

the probate court to take that action which is necessary to fully dispose of any matter properly before it. *Madigan v. Dollar Bldg. & Loan Co.* (1935), 52 Ohio App. 553, 563, 6 O.O. 478, 4 N.E.2d 68. It authorizes the probate court to grant any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction. *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 29, 647 N.E.2d 155, citing *Goff v. Ameritrust Co., N.A.* (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016, 1994 WL 173544. We cannot interpret the statutory grant of plenary powers to enlarge the statutory grant of jurisdiction to the probate division. *Oncu v. Bell* (1976), 49 Ohio App.2d 109, 110, 3 O.O.3d 175, 359 N.E.2d 712.

{¶ 21} Earl and Robert assert that *Goff* stands for the proposition that a probate court has jurisdiction over claims for money damages. However, we note that the *Goff* court concluded that the probate court possessed plenary jurisdiction at law to render an award for monetary damages based upon the probate court's exclusive jurisdiction "[t]o direct and control the conduct of fiduciaries" as conferred by R.C. 2101.24(A)(1)(m). Thus, Earl and Robert cite no legal authority to support their argument that the probate court possesses independent jurisdiction, be it exclusive or concurrent, to entertain claims for monetary damages.

{¶ 22} Here, the probate court has jurisdiction to hear Earl and Robert's will contest pursuant to R.C. 2101.24(A)(1)(p). Thus, in order for the probate court to have plenary jurisdiction to hear Earl and Robert's claim for intentional interference with expectancy of inheritance, we would have to find that resolution of their tort claim is required to fully adjudicate the will contest. See *Lewis,* 72 Ohio St.3d at 29, 647 N.E.2d 155. The primary focus of the will contest will be whether Judith possessed testamentary capacity at the time she executed the April 22, 2002 will, and whether Stephanie exercised undue influence to get Judith to execute the will. The elements of undue influence in the context of a will contest include (1) a susceptible testator; (2) another's opportunity to exert undue influence; (3) the fact of improper influence exerted; and (4) the result showing the effect of such influence. *West v. Henry* (1962), 173 Ohio St. 498, 510–511, 20 O.O.2d 119, 184 N.E.2d 200.

{¶ 23} In contrast, the claim of intentional interference with expectancy of inheritance requires proof of the following elements: (1) an existence of an expectancy of inheritance in the plaintiff; (2) and intentional interference by a defendant with that expectancy of inheritance; (3) conduct by the defendant involving the interference that is tortious in nature, such as fraud, duress, or undue influence; (4) a reasonable certainty that the expectancy of inheritance would have been realized but for the interference by the defendant; and (5)

damage resulting from the interference. *Firestone v. Galbreath* (1993), 67 Ohio St.3d 87, 88, 616 N.E.2d 202.

{¶ 24} While the will contest and the tort claim both require proof of undue influence, the tort claim requires proof of elements that are not relevant or necessary to the probate court's resolution of the will contest. For this reason, we find that the probate court does not have plenary jurisdiction over Earl and Robert's claim for intentional interference with expectancy of inheritance. Because the tort claim is not cognizable in the probate court, we find that the probate court properly dismissed it. Accordingly, we overrule Earl and Robert's first assignment of error.

## III

{¶ 25} In their first assignment of error in the common pleas action, Earl and Robert claim that the common pleas court erred in dismissing their claim for intentional interference with expectancy of inheritance, pursuant to Civ.R. 12(B)(6), for failure to exhaust appropriate probate procedures.

{¶ 26} In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. In construing a complaint based upon a motion to dismiss for failure to state a claim, the court must presume that all factual allegations contained in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. Our review of a ruling on a Civ.R. 12(B)(6) motion presents a question of law, which we review de novo. *Noe v. Smith* (2000), 143 Ohio App.3d 215, 218, 757 N.E.2d 1164. Accordingly, we grant no deference to the trial court's determination.

{¶ 27} In support of their assignment of error, Earl and Robert raise numerous issues, including allegations that the trial court erroneously applied the doctrines of exhaustion of remedies, election of remedies, and abatement of action. However, we find that the issue of ripeness is most applicable to the facts and circumstances presented here. As the Ohio Supreme Court has previously noted, "Ripeness 'is peculiarly a question of timing.' " *State ex rel. Elyria Foundry Co. v. Indus. Comm.* (1998), 82 Ohio St.3d 88, 89, 694 N.E.2d 459, quoting *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 42 L.Ed.2d 320. The "basic rationale" of the ripeness requirement "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements * * *." *Abbott Laboratories v.*

*Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681, abrogated on other grounds by *Califano v. Sanders* (1977), 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192.

{¶ 28} As the common pleas court noted, courts in other jurisdictions have held that a claim for intentional interference with expectancy of inheritance may not be pursued if adequate relief is available to the plaintiff through probate procedures, such as a will contest. *Moore v. Graybeal* (C.A.3, 1988), 843 F.2d 706; *Maxwell v. Southwest Natl. Bank* (D.Kan.1984), 593 F.Supp. 250; *McGregor v. McGregor* (D.Colo.1951), 101 F.Supp. 848, affirmed (C.A.10, 1953), 201 F.2d 528. See, also, *McMullin v. Borgers* (Mo.App.1988), 761 S.W.2d 718; *In re Estate of Hoover* (1987), 160 Ill.App.3d 964, 112 Ill.Dec. 382, 513 N.E.2d 991; *Griffin v. Baucom* (1985), 74 N.C.App. 282, 328 S.E.2d 38; *Robinson v. First State Bank* (1983), 97 Ill.2d 174, 73 Ill.Dec. 428, 454 N.E.2d 288; *DeWitt v. Duce* (Fla.1981), 408 So.2d 216; *Axe v. Wilson* (1939), 150 Kan. 794, 96 P.2d 880. Further, other jurisdictions have held that an expected award of punitive damages is irrelevant for purposes of determining the adequacy of the relief available through probate. *In re Estate of Hoover*, 160 Ill.App.3d 964, 112 Ill.Dec. 382, 513 N.E.2d at 992, citing *DeWitt v. Duce*, 408 So.2d at 220, fn. 11; *Maxwell v. Southwest Natl. Bank, Wichita, Kansas* (D.Kan.1984), 593 F.Supp. 250, 253. We agree that a claim for intentional interference with expectancy of inheritance may not be pursued if adequate relief is available to the plaintiff through probate procedures, and that for purposes of determining the adequacy of relief, an award of punitive damages is not a valid expectation.

{¶ 29} Here, the common pleas court dismissed Earl and Robert's claim for intentional interference with expectancy of inheritance based upon their failure to exhaust appropriate probate procedures. The complexity of this case arises due to the fact that, while the will contest and the claim of intentional interference with expectancy of inheritance are closely related and may provide different forms of relief for the same or similar legal wrongs, no single court has jurisdiction to hear both claims. Thus, if Earl and Robert are permitted to pursue the two causes of action simultaneously, in two separate courts, there is a risk that they will receive a double recovery—the inheritance they seek to reclaim in the will contest and money damages equal to the value of the inheritance in the tort action.

{¶ 30} If Earl and Robert are successful in the will contest currently pending before probate court, Judith's 1987 will should replace the 2002 will. Earl will then receive his full expectancy and suffer no actual damages. As the common pleas court noted, the expectancies of Robert, Angela, and Shane derive

only from Earl's sole ownership of the real estate. Thus, resolution of the will contest in Earl's favor would also protect their expectancies.[2]

{¶ 31} Based upon the foregoing, we find that until the probate court has rendered a decision in the will contest, it is uncertain whether Earl and Robert have suffered any damages as a result of Stephanie's alleged intentional interference with their expectancy of inheritance. Hence, we find that their claim for intentional interference with expectancy of inheritance is not yet ripe for judicial review. Although the common pleas court couched its dismissal of the intentional-interference-with-expectancy-of-inheritance claim in terms of Earl and Robert's failure to state a claim upon which relief can be granted, we find that "where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 58 N.E.2d 658. See, also, *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306. Because we find that the common pleas court's dismissal of Earl and Robert's intentional-interference-with-expectancy-of-inheritance claim was proper, in that the claim is not yet ripe, we overrule their first assignment of error in the common pleas action.

{¶ 32} In their second assignment of error, Earl and Robert claim that the trial court erred in dismissing the two promissory-estoppel claims asserted in their complaint. The first promissory-estoppel claim alleges that Judith and Earl promised Robert that if he would live on and farm all of the land owned by them, all lands would belong to him upon their deaths. The second promissory-estoppel claim alleges that Judith and Earl promised Angela and Shane that if they would move into and fix up an uninhabitable house on Judith and Earl's property, they would transfer the house and eight acres to them either at age 40, or at least bequeath the property to Robert, who would then bequeath it to them. At best, if Robert, Angela, and Shane were to prevail on these claims, they would only be entitled to have the property transferred to Earl, who is then expected to bequeath the property to the respective parties upon his death.

{¶ 33} Like the claim for intentional interference with expectancy of inheritance, the promissory-estoppel claims will be moot if Earl and Robert prevail in the will contest. In the event that Judith's April 2002 will is invalid, Earl will take all of the real property pursuant to Judith's 1987 will, and Robert, Angela, and Shane will have suffered no damages. Because we find that, until the will contest is resolved, the parties have suffered no damages, we find that their

---

2. However, we note Earl that survives and presumably continues to possess testamentary capacity such that he could elect to revoke his 1987 will and make other arrangements for the disposal of his estate.

promissory-estoppel claims are not yet ripe for judicial review. Because we find that the common pleas court's dismissal of Earl and Robert's promissory-estoppel claims was proper, in that the claims are not yet ripe, we overrule Earl and Robert's second assignment of error in the common pleas action.

## IV

{¶ 34} In conclusion, we overrule each of Earl and Robert's three assignments of error and affirm the judgments of the Ross County Court of Common Pleas, General Division, and the Ross County Court of Common Pleas, Probate Division. However, we remand this case with instructions to the court of common pleas to correct its journal entry to reflect that the dismissal of Earl and Robert's complaint is without prejudice, as the claims failed otherwise than upon the merits. See Civ.R. 41(B)(4).

Judgment affirmed
and cause remanded
to the court of common pleas,
general division,
with instructions.

HARSHA and EVANS, JJ., concur.