OPINION
{¶ 1} Plaintiff-appellant, Antonio Cruz ("appellant"), appeals from a judgment of the Court of Claims of Ohio dismissing appellant's complaint filed against defendant-appellee, Lake Erie Correctional Institution ("LECI"). Appellant is an inmate at LECI. On June 18, 2007, he filed a complaint against LECI, in which he alleged that he received improper and inadequate medical treatment for injuries he sustained while in LECI's custody. *Page 2 
 {¶ 2} On July 16, 2007, LECI filed a motion to dismiss, pursuant to Civ. R. 12(B)(6), arguing that the complaint failed to state a claim because LECI does not perform any of the day-to-day operations of the facility, including inmates' medical care. LECI relied upon several cases in which the Court of Claims of Ohio had previously held that LECI is not a state entity subject to suit in that court. It also cited R.C. 9.06, which provides that a private, independent contractor that operates a correctional facility pursuant to contract with the state indemnifies the state and holds it harmless for any claims arising out of the facility's operations.
 {¶ 3} Appellant filed a memorandum in opposition, and the trial court denied LECI's motion. The court explained that, although it had consistently held that Management and Training Corporation ("MTC"), which operates the facility in which appellant is housed, is not a state entity, it was unclear whether the individuals who appellant alleged were charged with his care were MTC employees or employees of the state. Because Civ. R. 12(B)(6) requires that all factual allegations in the complaint be presumed true, and all reasonable inferences be made in favor of the plaintiff, the court could not say that there were no set of facts upon which appellant could obtain relief.
 {¶ 4} Thereafter, LECI filed an answer, and then a motion for summary judgment pursuant to Civ. R. 56. LECI submitted with its motion the affidavit of Richard Gansheimer ("Gansheimer"). Therein, Gansheimer averred that he is employed by MTC and holds the position of warden at LECI. He also stated that the Ohio Department of Rehabilitation and Correction ("DRC") owns the property and facilities that make up LECI, but that the prison is privately operated by MTC, which is neither an agency nor an entity of the state of Ohio. He further stated that all prison staff (with the *Page 3 
exception of records staff and one DRC monitor), are employees of MTC and are not employees of the state of Ohio; this includes personnel in charge of inmates' medical care. Gansheimer also stated that only MTC employees are involved in the medical treatment of inmates, and DRC is not involved in decision-making, hiring, compensation, or supervision of MTC's employees at LECI. Based upon Gansheimer's affidavit, LECI argued that there were no genuine issues of material fact as to whether it has ever been involved with appellant's medical care or is the subject of any of the allegations in the complaint.
 {¶ 5} In his memorandum contra, appellant argued that Gansheimer is not authorized to execute the affidavit because he is not the director of DRC. Appellant offered no affidavit or other evidence disputing Gansheimer's affidavit. In its judgment entry journalized February 5, 2008, the court characterized LECI's motion as a motion to dismiss for lack of jurisdiction, pursuant to Civ. R. 12(B)(1), and granted it based upon the Gansheimer affidavit. The court found that it lacked subject matter jurisdiction over the complaint because, as stated in the affidavit, LECI's staff are not agents of the state.
 {¶ 6} Appellant timely appealed and advances the following assignments of error for our review:
 Assignment of Error 1:
 Untimely file Civ. R. 56(B).
 Assignment of Error 2:
 Affidavit unproper [sic] as to Enity [sic] or Agent for Suite [sic].
 {¶ 7} "The court of claims * * * has exclusive, original jurisdiction of all civil actions against the state * * *." R.C. 2743.03(A)(1). The Ohio Rules of Civil Procedure *Page 4 
govern civil actions in the Court of Claims. R.C. 2743.03(D). Civ. R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. When ruling on a Civ. R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the trial court must determine whether the claim raises any action cognizable in that court. See State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77,80, 537 N.E.2d 641; Roll v. Edwards, 156 Ohio App.3d 227, 2004-Ohio-767,805 N.E.2d 162, ¶ 15. The trial court may grant the motion to dismiss only if the claim fails to raise any issue cognizable in that court. A trial court is not confined to the allegations of the complaint when determining its subject matter jurisdiction under Civ. R. 12(B)(1), and it may consider pertinent material without converting the motion into one for summary judgment. Southgate Dev. Corp. v. Columbia GasTransmission Corp. (1976), 48 Ohio St.2d 211, 2 O.O.3d 393,358 N.E.2d 526, paragraph one of the syllabus.
 {¶ 8} An appellate court reviewing a trial court's judgment of dismissal for lack of subject matter jurisdiction must determine, as a matter of law, whether the trial court erred by holding that the claim did not state any action cognizable in that court. Spurlock; Roll. Thus, our review is de novo. Moore v. Franklin Cty. Children Servs., Franklin App. No. 06AP-951, 2007-Ohio-4128, ¶ 15.
 {¶ 9} Appellant's first assignment of error asserts that the court erred in dismissing his case because LECI's summary judgment motion was untimely filed. Appellant's complaint was filed June 18, 2007. LECI filed its motion for summary judgment on October 23, 2007. Civ. R. 56(A) provides:
 A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, *Page 5 
counterclaim, cross-claim, or declaratory judgment action. A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion for pleading by the adverse party, or after service of a motion for summary judgment by the adverse party. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.
Civ. R. 56 contains no time limit for the filing of a summary judgment motion. Moreover, because this case had not been set for pretrial or trial, LECI was not required to obtain leave of court in order to file its motion. Thus, LECI's motion was not untimely. Accordingly, appellant's first assignment of error has no merit and is overruled.
 {¶ 10} In his second assignment of error appellant argues that the trial court should not have considered the Gansheimer affidavit because, he maintains, only the director of the DRC is authorized to speak for the DRC. First, Gansheimer does not purport to speak for the DRC; he identifies himself as the warden of LECI and an employee of MTC, not DRC. Moreover, Gansheimer makes his affidavit under oath, and avers therein that he has personal knowledge of the facts to which he testifies and is competent to testify regarding same. Gansheimer's statement meets the requirements for an affidavit and is admissible evidence. See R.C. 2319.02 et seq. For these reasons, the trial court did not err in considering Gansheimer's affidavit. Accordingly, appellant's second assignment of error is overruled.
 {¶ 11} Having overruled both of appellant's assignments of error, we affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
 BRYANT and TYACK, JJ., concur. *Page 1