[Cite as *Ross v. Hornack*, 2013-Ohio-1901.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98961**

## KAREN ROSS

PLAINTIFF-APPELLANT

vs.

## WILLIAM HORNACK, JR.

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2012 ADV 179487

**BEFORE:** Stewart, A.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEYS FOR APPELLANT**

Joseph J. Corso
Joseph M. Percio
19111 Detroit Road, Suite 302
Rocky River, OH    44116


**ATTORNEY FOR APPELLEE**

Dean M. Boland
Boland Legal, L.L.C.
1475 Warren Road, Unit 770724
Lakewood, OH    44107

MELODY J. STEWART, A.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the brief and oral argument of appellant's counsel.

{¶2} Decedent Marian Hornack's will left her entire estate to her son, William Hornack, by specifically disinheriting her daughter, Karen Ross. When Hornack sought to have the estate relieved of administration on grounds that it did not exceed $35,000 in value, Ross responded by filing three separate actions in the probate division: a will contest; a complaint for concealment of estate assets; and a complaint against Hornack for intentional interference with her expectancy of inheritance. Hornack filed a motion to dismiss the interference with expectancy of inheritance claim on ripeness grounds, arguing that it would be premature to address that claim until the court determined the validity of the will. The court granted the motion to dismiss, but on different grounds, finding that it lacked plenary jurisdiction to hear a claim for intentional interference with an expected inheritance. Ross's sole assignment of error contests this conclusion.

{¶3} The court did not err by dismissing the interference with expectancy of inheritance complaint. It correctly concluded that it had no statutory authority to hear that complaint, nor did its plenary jurisdiction extend to encompass that claim. *See Roll v. Edwards*, 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶ 24 (4th Dist.);

*Hoopes v. Hoopes*, 5th Dist. No. 2006 CA 00220, 2007 Ohio App. LEXIS 1582 (Apr. 9, 2007). In any event, we agree in principle with Hornack's argument that resolution of the will contest is a necessary predicate to the interference claim — if the will is declared valid, Ross cannot establish the essential element of that tort by showing that her inheritance would have been realized but for the alleged interference by Hornack. *Roll, supra,* at ¶ 31.

{**¶4**} Moreover, although appellant's counsel argues that the current version of R.C. 2101.24, the statute setting forth jurisdiction of the probate court, does give the court authority to hear the interference claim, we note that the current version of R.C. 2101.24(B)(1)(c) was not in effect at the time Ross filed her action. The complaint was filed June 8, 2012, so the version of R.C. 2101.24 in effect at that time was 2011 Ohio S.B. 117, effective Mar. 22, 2012. That version does not contain the language used in the current version of R.C. 2101.24 (2012 H.B. 479, effective Mar. 27, 2013). Inasmuch as the probate court is a creature of statute and only has the jurisdiction specifically conferred on it by statute, *Corron v. Corron*, 40 Ohio St.3d 75, 531 N.E.2d 708 (1988), paragraph one of the syllabus, the version of R.C. 2101.24 in effect at the time Ross filed her complaint controlled the probate court's jurisdiction. Nothing in the statute granted the court authority to determine an interference with inheritance claim.

{**¶5**} Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Probate Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
KENNETH A. ROCCO, J., CONCUR