[Cite as *In re Estate of Harmon*, 2016-Ohio-2617.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:  THE ESTATE
OF PAUL T. HARMON, DECEASED

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2015 AP 09 0052

O P I N I O N

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Probate Division, Case No.  2012 ES
                             56781

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 19, 2016

APPEARANCES:

For Appellee Traver, Adm. WWA        For Appellants Harmons and Renner

THOMAS W. FOX                        AMANDA K. SPIES
232 West Third Street, Suite 309     300 ½ East High Avenue
Dover, Ohio  44622                   New Philadelphia, Ohio  44663

*Wise, J.*

{¶1}　Appellants Dianna L. Harmon, Jon T. Harmon, and Marvin L. Renner appeal the decision of the Tuscarawas County Court of Common Pleas, Probate Division, which granted a motion for summary judgment in favor of Appellee Dennis D. Traver, the administrator of the Estate of Paul T. Harmon. The relevant facts leading to this appeal are as follows.

{¶2}　Paul Harmon, the grandfather of Appellant Dianna L. Harmon's husband, died on May 21, 2012. At the time of death, Paul had various household goods, a Chevrolet automobile, and bank accounts totaling more than $64,000.00. Paul was also the owner of a home on W. 8th Street in Dover, Ohio, but in 2006 he had executed a transfer on death deed in favor of Appellant Dianna.

{¶3}　Paul's last will and testament appears to have been executed on June 30, 2006, and was filed with the probate court on June 4, 2012. In his will, Paul had named Appellant Dianna as his executor. Furthermore, the will specifically disinherited Paul's son, Thomas Harmon, and left everything to Appellant Dianna. No provisions were made for Paul's wife, Audrey Harmon, who suffered from dementia and resided in a nursing home. Audrey had been the recipient of Medicaid benefits since 2009.

{¶4}　On June 4, 2012, Attorney Dennis Traver, appellee herein, was appointed as the commissioner for Audrey, the surviving spouse of the decedent. Appellee issued a report on June 20, 2012 recommending that Audrey take against the will. By judgment entry filed June 22, 2012, the probate court entered judgment exercising Audrey's right to take against the will.

{¶5}　Audrey died on February 7, 2013.

{¶6}  A status conference before a magistrate was held on June 3, 2013. In a decision filed June 5, 2013, the magistrate noted various allegations against Appellant Dianna, including the assertions that she had failed to pay the family allowance claim of Audrey as previously ordered, and that she had failed to open an estate checking account. The magistrate recommended the removal of Appellant Dianna as executor and the appointment of appellee as administrator. The probate court subsequently approved and adopted the magistrate's decision.

{¶7}  On June 18, 2013, appellee filed a complaint to recover assets of the estate allegedly concealed, embezzled or conveyed away and for a monetary judgment with penalty and interest, pursuant to R.C. 2109.50. Among the specific allegations were the claim that Appellant Dianna had made "questionable expenditures" of estate funds to her husband (Appellant Jon Harmon) of more than $70,000.00 and the claim that she had transferred a 2007 Chevrolet Monte Carlo automobile out of the estate to her father for no consideration. Appellee in his complaint named as the defendants Appellant Dianna, Marvin and Janet Renner (appellant's parents), and Appellant Jon Harmon.

{¶8}  On the same day, June 18, 2013, Appellant Dianna filed objections to the magistrate's June 5, 2013 decision removing her as executor. By judgment entry filed July 2, 2013, the trial court ordered a re-hearing on the issue.

{¶9}  A hearing before a magistrate was held on August 23, 2013. Via a decision filed September 18, 2013, the magistrate once again recommended the removal of Appellant Dianna as executor and the appointment of appellee as administrator. Appellant Dianna filed objections on October 2, 2013.

{¶10}  On October 18, 2013, the probate court issued a judgment entry overruling the objections. The court thereby removed Dianna as executor and appointed appellee as administrator. The trial court set a hearing on the R.C. 2109.50 action for January 3, 2014, but thereafter continued same.

{¶11}  On March 28, 2014, appellee filed a motion for summary judgment. Marvin and Janet Renner, additional defendants in the action, also filed a motion for summary judgment. Via a twenty-eight page decision filed June 3, 2014, the magistrate granted appellee's motion for summary judgment in part, reserving two issues for trial: One involving appellant and Jon Harmon (regarding a $4,500.00 payment for work on a grape arbor) and one involving Appellant Dianna and Janet Renner (regarding a $1,500.00 payment for cleaning and sorting certain estate items). The magistrate additionally denied the Renners' motion for summary judgment.

{¶12}  Appellants then filed objections. On June 26, 2014, the trial court denied the objections, approved and adopted the magistrate's decision with two date changes, and issued a judgment against Appellants Dianna and Jon Harmon in the amount of $68,750.90, a judgment against Appellant Dianna Harmon in the amount of $1,790.81, and a judgment against Appellants Dianna Harmon and Marvin Renner in the amount of $11,500.00.

{¶13}  The trial court issued an order on July 7, 2014, scheduling the two aforesaid reserved issues for a jury trial on October 9, 2014.

{¶14}  On July 10, 2014, appellee filed a motion for leave to dismiss without prejudice the remaining two issues.

{¶15}  On July 18, 2014, appellants filed a notice of appeal.

{¶16} By judgment entry filed July 22, 2014, the trial court granted appellee leave of court and cancelled the jury trial scheduled for October. On July 29, 2014, appellee filed a voluntary dismissal of the remaining two issues in the R.C. 2109.50 action pursuant to Civ.R. 41(A).

{¶17} Appellants thereupon appealed to this Court, raising three assigned errors. However, on July 30, 2015, we dismissed the appeal for want of a final appealable order. *See In re Estate of Harmon*, 5th Dist. Tuscarawas No. 2014 AP 07 0029, 2015-Ohio-3072, ¶ 18.

{¶18} On August 24, 2015, Appellee Traver filed a motion to dismiss, with prejudice, all remaining claims under the R.C. 2109.50 proceedings. On August 26, 2015, the trial court dismissed the claims against Jon Harmon concerning the grape arbor on the subject property and Janet Renner for the cleaning and consolidating of certain glassware for the auctions. The court further determined there is "no just reason for delay" pursuant to Civ. R. 54(B).

{¶19} On September 16, 2015, appellants filed a notice of appeal. They herein raise the following three Assignments of Error:

{¶20} "I. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION AND THE CONCEALMENT COMPLAINT FILED JUNE 18, 2013, SHOULD BE DISMISSED, WITH PREJUDICE.

{¶21} "II.     THE TRIAL COURT DENIED THE DEFENDANTS' DUE PROCESS RIGHTS BY FAILING TO CONDUCT A FULL AND FAIR JURY TRIAL PURSUANT TO R.C. 2109.52 AS DEMANDED BY EACH DEFENDANT.

{¶22} "III.   DEFENDANT DIANNA HARMON, AS POWER OF ATTORNEY FOR AUDREY HARMON AND EXECUTRIX FOR PAUL HARMON'S ESTATE, HAD THE LEGAL AUTHORITY TO IMPROVE THE WEST 8TH STREET PROPERTY, AND SUCH ACTION CANNOT BE CHARACTERIZED AS EMBEZZLING, CONCEALING, OR CONVEYING AWAY ASSETS PURSUANT TO R.C. 2109.50."

I.

{¶23} In their First Assignment of Error, appellants maintain the probate court lacked subject matter jurisdiction to hear the concealment complaint filed June 18, 2013. We disagree.

{¶24} "The probate court is a court of limited and special jurisdiction. It has only the powers granted to it by statute." *Bishop v. Bishop*, 188 Ohio App.3d 98, 934 N.E.2d 420, 2010-Ohio-2958, (4th Dist.). *See, also*, *Corron v. Corron* (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708.  While the powers of the probate division are plenary, they are so only with respect to matters "properly before the court." *See Roll v. Edwards,* 4th Dist. Ross No. 03CA2694, 2004-Ohio-767, ¶ 20; *Madigan v. Dollar Bldg. & Loan Co.* (1935), 52 Ohio App. 553, 563, 4 N.E.2d 68. We cannot interpret the statutory grant of plenary powers to enlarge the statutory grant of jurisdiction to the probate division. *See Oncu v. Bell* (1976), 49 Ohio App.2d 109, 110, 359 N.E.2d 712.

{¶25} Specifically, pursuant to R.C. 2109.50, an executor or other interested person may file a complaint in the probate court "against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, personal property, or choses in action of the estate ***."

{¶26} In essence, "the inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate." *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 407, 629 N.E.2d 500.

{¶27} Appellants essentially argue that pursuant to the foregoing statute, the probate court lacked jurisdiction in a concealment action under R.C. 2109.50 to make any orders regarding the real property located on W. 8th Street, Dover, Ohio, because the transfer of title to transfer on death deed occurred during the decedent Paul Harmon's lifetime. Appellants, in support of their position on lack of jurisdiction, further assert that the Monte Carlo automobile in question was gifted to Marvin Renner by Appellant Dianna in her capacity as Audrey Harmon's attorney-in-fact, during Audrey's lifetime. Appellant lastly claims the action cannot proceed because Jon Harmon, the builder, was paid "by contract in installments to remodel the residence located at 410 E. 8th Street (sic) Dover, and ready same for sale." Appellant's Brief at 10.

{¶28} In *Harpster v. Castle*, 5th Dist. Ashland No. CA 1022, 1993 WL 274296, this Court addressed a question of jurisdiction of the probate court under R.C. 2109.50. We therein affirmed a trial court decision that it lacked jurisdiction over an administrator's first cause of action for money damages resulting from the defendant's alleged fraud, reasoning that "appellant's first cause does not relate to property titled in decedent's name at the time of her death, but, instead seeks recovery of damages for breach of fiduciary duty and fraud relating to power of attorney transactions that occurred eight or nine years before decedent's demise." *Id.* at 1.

**{¶29}** A review of the record in the case *sub judice* reveals that in the June 26, 2014 judgment entry, the trial court described Appellant Dianna's conduct as "improper conveying away and possession, for personal interests, of *estate monies*." *Id.* at 15 (emphasis added). Thus, the bulk of the judgment against Appellant Dianna stemmed from her handling of funds of the estate, even if some of these amounts were used to restore or benefit the house that she obtained via the transfer on death deed, rather than via a devise under Paul Harmon's will. Furthermore, despite Appellant Dianne's present protestations that the Monte Carlo did not pass through the estate, the magistrate determined that she could not have acquired title to the automobile via her letters of authority or as Audrey's attorney-in-fact, and the trial court accordingly found her guilty of conveying away the car as an estate asset, valued at $11,500.00. *See* Magistrate's Decision, June 3, 2014, at 4; Judgment Entry, June 26, 2014, at 15.

**{¶30}** Accordingly, we find our holding in *Harpster* inapplicable to the instant case, and we hold the probate court had subject matter jurisdiction over the dispute at issue.

**{¶31}** Appellants' First Assignment of Error is therefore overruled.

II.

**{¶32}** In their Second Assignment of Error, appellants argue the trial court erred in granting appellee's motion for summary judgment under Civ.R. 56 without affording them a trial by jury as required under R.C. 2109.52 when requested by a party. We disagree.

**{¶33}** The trial court in the case *sub judice* relied in part upon the Eighth District's decision in *In re Estate of Popp*, 94 Ohio App.3d 640, 641 N.E.2d 739 (1994), which states in pertinent part: "A complaint filed under R.C. 2109.50, although quasi-criminal

in character, is controlled by the laws governing civil proceedings in the probate court. *** So the strict invocation of the Rules of Criminal Procedure underscores the very intent of the legislature in enacting R.C. 2109.50, which is to provide a summary means, inquisitorial in nature, to recover specific property or the proceeds or value thereof belonging to an estate." *Id.* at 647, internal citations omitted.

**{¶34}** Appellants urge that in *Popp*, there had been a previous criminal proceeding to determine the guilt or innocence of the party charged with concealment or embezzlement. However, we herein adhere to the well-established rule that where conflicts arise between the Ohio Civil Rules and statutory law, the rule will control the statute on matters of procedure. *See Rafeld v. Sours*, 5th Dist. Ashland No. 14 COA 006, 2014-Ohio-4242, ¶ 21, citing *Boyer v. Boyer* (1976), 46 Ohio St.2d 83, 346 N.E.2d 286.

**{¶35}** Upon review, we find no reversible error in the trial court's utilization of Civ.R. 56 *per se* in its resolution of this matter.[1]

**{¶36}** Appellants' Second Assignment of Error is overruled.

III.

**{¶37}** In their Third Assignment of Error, appellants essentially contend the trial court erred in granting appellees' motion for summary judgment. We disagree.

**{¶38}** Civ.R. 56(C) states in pertinent part: "*** Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any,

---

[1] Appellants end their argument in this assigned error with a renewed claim that the probate judge harbors a personal bias in this matter. However, the Chief Justice of the Ohio Supreme Court denied Appellant Jon Harmon's affidavit of disqualification of the judge on April 25, 2014, and we will not herein further entertain appellants' attempt to revisit this topic.

timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. ***."

**{¶39}** As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *See Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

**{¶40}** Appellants continue to maintain that their goal was always to take proper care of Audrey, Paul Harmon's surviving spouse, during the last years of her life and that the improvements to the 8th Street residence were for the ultimate purpose of selling the property and using the proceeds for Audrey's care. Unfortunately, Audrey died two months prior to the completion and sale of the real estate. Appellants contend their conduct falls short of the R.C. 2109.50 requirements of embezzling, concealing, or conveying away of assets.

**{¶41}** We note R.C. 2109.52 states in pertinent part as follows: "When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away,

or been in the possession of moneys, personal property, or choses in action of the estate, testamentary trust, or guardianship. ***."

**{¶42}** R.C. 2109.52, *supra*, does not require the complaining party to establish fraud or undue influence. *Gustafson v. Miller*, 5th Dist. Perry No. 15-CA-00008, 2015-Ohio-5515, ¶ 23. As previously iterated, "the inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate." *Wozniak*, *supra*.

**{¶43}** The probate court, in addressing appellant's objections to the decision of the magistrate, stated its observation that "[appellants] have not, in any of their objections, identified a disputed material fact." Judgment Entry, June 26, 2014, at 2. We make the same observation in our present analysis. As indicated previously in our recitation of facts, the evidence provided for purposes of summary judgment showed that when Paul Harmon died, he had numerous household goods, a 2007 Chevrolet automobile, and bank accounts valued at almost $65,000.00. Additionally, he had several years earlier changed the deed on the Dover residential property to a transfer on death deed. Paul's household goods were auctioned and brought $12,506.00. The Chevrolet automobile was valued by an appraiser at $11,500.00.

**{¶44}** Appellant Dianna paid to Appellant Jon Harmon, from estate assets, a total of $68,570.90 in twelve separate transactions between July 3, 2012 and February 26, 2013. These funds paid to Jon were used to purchase materials and pay a laborer to help renovate Dover property, which had been transferred to Appellant Dianna via the TOD deed. *See* Tr. 2 at 38-47. Appellant Dianna paid to the City of Dover, from estate assets, $1,790.81 for utility services at the property. On June 21, 2012, after Paul's

death, Appellant Dianna transferred the Chevrolet automobile into her own name, purportedly utilizing letters of authority in the estate and/or her power of attorney regarding Audrey, the surviving spouse. On February 7, 2013, Audrey died, and about one month later, Dianna transferred title to the car to her father, Appellant Marvin Renner. As of the time of the magistrate proceedings, Marvin continued to hold title and possession of the automobile.

{¶45} Appellant Dianna did not pay to or for the benefit of Audrey, as the surviving spouse, the statutory family allowance of $40,000.00. *See* R.C. 2106.13. Dianna also did not transfer to Audrey or for her benefit the Chevrolet automobile, or its cash equivalent. *See* R.C. 2106.18. Dianna further made no distribution to Audrey's estate, including any provision as to Audrey's right to take an intestate share of one-half of the net estate from Paul's estate.

{¶46} On April 9, 2013, Appellants Dianna and Jon sold the renovated residential property for $118,700.00, with net proceeds to Dianna from the sale being $105,019.14. *See* Tr. 3 at 7-8. However, she did not reimburse Paul's estate or tender any funds to Audrey's estate. Instead, these net proceeds were consumed entirely by Dianna and Jon for personal expenses, including travelling, gambling, dining, mortgage payments, debt satisfaction, donations to religious organizations, and attorney fees. *See* Tr. 3 at 8-32. As of the date of the final judgment, only $79.00 otherwise remained in Paul Harmon's estate funds to meet any obligations to Audrey or her estate.

{¶47} Upon review, and based on the aforesaid, we conclude that no genuine issue of material fact exists regarding the pertinent counts of appellee's complaint for concealment against appellants, and that appellee was entitled to judgment as a matter

of law. We therefore hold the trial court properly granted summary judgment in favor of appellee in this matter.

**{¶48}** Appellants' Third Assignment of Error is overruled.

**{¶49}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Probate Division, Tuscarawas County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0331