MARTIN, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION et al., Appellees.

[Cite as *Martin v. Ohio Dept. of Rehab. & Corr.* (2001), 140 Ohio App.3d 831.]

Court of Appeals of Ohio,
Fourth District, Pickaway County.

No. 00CA37.

Decided Jan. 4, 2001.

*Robert Martin, pro se.*

*Betty D. Montgomery,* Attorney General, and *Philip A. King,* Assistant Attorney General, for appellees.

Harsha, Judge.

Appellant, Robert Martin, appeals the dismissal of his federal civil rights action by the Pickaway County Court of Common Pleas.

Appellant is an inmate at the Orient Correctional Institute in Orient, Ohio ("OCI"). He initiated his original complaint against the Ohio Department of Rehabilitation and Correction, Orient Correctional Institution, and Bill Blaney, an investigator, alleging violations of his constitutional rights and seeking declaratory and injunctive relief. Specifically, appellant alleged that appellees placed him in solitary confinement under "investigation status" without affording him notice and opportunity to respond. He claimed to have suffered from a lack of hot water and lack of adequate ventilation while in solitary confinement. He also claimed that appellees violated his constitutional rights by requiring him to disclose certain personal information—such as his name, prison number, and date of birth—in order to access telephone services. With his original complaint, appellant filed a motion to waive exhaustion of grievance remedies.

Appellees responded by filing an answer and a motion for judgment on the pleadings under Civ.R. 12(C). Thereafter, appellant filed a motion for leave to amend his complaint. In his proposed amended complaint, appellant sought to add Sharon K. Cline, Clerk of Court for Pickaway County, under the theory that Cline had conspired with original appellees to violate his constitutional rights. Appellant also added to his allegation of lack of hot water and inadequate ventilation, allegations that he was denied state pay, hygiene products, and outdoor sunshine during solitary confinement. Finally, the appellant added a prayer for money damages in his amended complaint.

The trial court construed appellant's original complaint as a civil rights case brought pursuant to Section 1983, Title 42, U.S. Code; it denied appellant's motion to amend his complaint, and it granted the appellees' motion for judgment on the pleadings by dismissing his original complaint for failure to exhaust available administrative remedies. Appellant filed a timely notice of appeal that raises the following assignments of error:

"I. The trial court abused its discretion dismissing verified complaint and amended complaint when it used erroneous fact and law.

"II. The trial court abused its discretion when it denied the amended complaint.

"III. The trial court abused its discretion holding plaintiff to a heightened pleading standard.

"IV. The trial court abused its discretion stating the plaintiff must exhaust grievance remedies under the PLRA, 42 U.S.C. § 1997(e)."

Appellant's first and second assignments of error are related, as are the third and fourth; thus, we will address them accordingly.

■ We begin by addressing the later assignments, which we read to assert that the trial court erred by dismissing appellant's complaint for failure to exhaust his administrative remedies pursuant to Section 1997e(a), Title 42, U.S. Code. The dismissal of a complaint for failure to exhaust administrative remedies pursuant to Section 1997e(a) presents us with a question of law which we review de novo. *King v. Stump* (Dec. 28, 1998), Ross App. No. 97CA2349, unreported, 1998 WL 903495, citing *White v. McGinnis* (C.A.6, 1997), 131 F.3d 593.

Section 1997e(a) provides:

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

We now read this language to address a substantive requirement in Section 1983 actions.

Under the plain language of Section 1997e(a), appellant is required to exhaust all available administrative remedies prior to bringing his complaint. *King v. Stump* (Dec. 28, 1998), Ross App. No. 97CA2349, unreported; see, also, *Wyatt v. Leonard* (C.A.6, 1999), 193 F.3d 876 (no action can be brought until whatever remedies are available are tried and exhausted). In *Brown v. Toombs* (C.A.6, 1998), 139 F.3d 1102, the Sixth Circuit Court of Appeals held that prisoners filing Section 1983 cases involving prison conditions must *allege and show* in their complaint that they have exhausted all available state administrative remedies. A prisoner must plead his claim with specificity and show that he has exhausted available administrative remedies by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs* (C.A.6, 2000), 215 F.3d 640, 642.

In *King v. Peoples* (Mar. 31, 1998), Ross App. No. 97CA2295, unreported, 1998 WL 191839, we held that failure to plead exhaustion of administrative remedies did not necessarily render a Section 1983 complaint subject to dismissal under Civ.R. 12(B). See, also, *Parks v. Lazaroff* (Feb. 1, 1999), Washington App. No. 98CA16, unreported, 1999 WL 51765, citing *King, supra* (failure to exhaust administrative remedies ought to be raised by summary judgment and not on a motion to dismiss). We reasoned that Section 1997e(a) is merely a procedural, non-jurisdictional limitation that has nothing to do with the substantive elements of a Section 1983 claim, and, thus, is not a necessary allegation in a claim for relief. *King, supra,* citing *Wright v. Morris* (C.A.6, 1997), 111 F.3d 414. On the other hand, we have held that a trial court does not err by dismissing a prisoner's Section 1983 claim when it is apparent on the face of the complaint that he has failed to satisfy the exhaustion requirements in Section 1997e(a). See, also,

*Parks, supra* (harmless error for the trial court to dismiss a Section 1983 claim when the record demonstrated that the administrative process had not been completed at the time of the filing of the complaint).

■■ In light of our review of the Sixth Circuit's case law regarding Section 1997e(a), we overrule *King* and *Parks* to the extent that they are inconsistent with our holding today. As pointed out in *King*, Section 1997e(a) is not jurisdictional. See, also, *Chelette v. Harris* (C.A.8, 2000), 229 F.3d 684. Trial courts may dismiss a claim on the merits, despite the lack of exhaustion, if the claim on its face is frivolous or fails to state a claim. See Section 1997e(c)(2); *Brown*, 139 F.3d at 1103. Nevertheless, exhaustion of administrative remedies pursuant to Section 1997e(a) is a requirement, or condition precedent, which must be met before a prisoner's Section 1983 cause of action can accrue.

In *Brown*, the Sixth Circuit stated that "[t]he statutory language, 'no action shall be brought' until all available remedies are 'exhausted,' should be interpreted to mean precisely what is obviously intended—that a [trial] court should not prematurely 'decide' the merits of any such action [and] should not adjudicate any such claim until after exhaustion unless the complaint satisfies § 1997e(c)(2)." *Brown*, 139 F.3d at 1104. Moreover, in *Knuckles El*, the court reasoned that "[trial] courts should not have to hold time-consuming evidentiary hearings in order simply to determine whether it should reach the merits or decline under the mandatory language of § 1997e ('No action shall be brought....')." *Knuckles El*, 215 F.3d at 642.

In accord with the Sixth Circuit Court of Appeals, we construe Section 1997e(a) as a condition precedent to a Section 1983 claim, whether the claim is brought in federal court or state court. *Brown, supra.* Accordingly, we find that exhaustion of administrative remedies is a requirement in a prisoner's Section 1983 claim that must be specifically averred in the complaint, and that failure to do so renders the complaint subject to dismissal. Civ.R. 9(c).

Since the appellant failed to allege in his original complaint—or his amended complaint—that he had exhausted available administrative remedies prior to filing suit, the trial court properly dismissed the complaint pursuant to Civ.R. 12(C), and Section 1997e(a).

■ In his brief, appellant argues that the Section 1997e(a) exhaustion requirement does not apply to a claim that seeks only declaratory and injunctive relief. Appellant cites *Smith v. Arkansas Dept. of Correction* (C.A.8, 1996), 103 F.3d 637, in which the Eighth Circuit Court of Appeals held that a prisoner's failure to file a grievance with prison administration was not fatal to a Section 1983 claim seeking injunctive relief. However, the Eighth Circuit did not create an exemption to the requirement that a prisoner exhaust available state administrative

remedies before bringing his or her Section 1983 claim seeking injunctive relief. Rather, the court recognized that pursuit of administrative grievances may not always be required when it appears that state officials are unwilling to address them.[1]

That is not the situation in this case. Appellant had available administrative remedies pursuant to Ohio Adm.Code 5120–9–31, and there is no indication that pursuit of those remedies would have been futile. Therefore, appellant's third and fourth assignments of error are overruled.

We now turn to appellant's first and second assignments of error challenging the trial court's denial of his motion for leave to amend his complaint. The decision whether to grant a motion to amend the pleadings rests within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Spisak v. McDole* (1984), 15 Ohio St.3d 62, 63, 15 OBR 157, 157–158, 472 N.E.2d 347, 348–349. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Brannan v. Fowler* (1995), 100 Ohio App.3d 577, 654 N.E.2d 434, citing *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30–31.

Pursuant to Civ.R. 15(A), once an answer to a complaint is served, a party may amend a pleading only by leave of the court or by written consent of the adverse party. A liberal policy is favored when the trial court is faced with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed. *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 121–122, 573 N.E.2d 622, 623–625. Civ.R. 15(A) mandates that such motions should be freely granted when justice so requires. See, also, *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269–270, 297 N.E.2d 113, 122. However, this does not mean that leave to amend should be granted without limitation. The party seeking leave to amend the complaint must at least demonstrate a prima facie showing that the movant can marshal support for the new matter sought to be pleaded. See *Wilmington Steel, supra,* citing *Solowitch v. Bennett* (1982), 8 Ohio App.3d 115, 117, 8 OBR 169, 171–173, 456 N.E.2d 562, 564–565. "It is not an abuse of discretion to refuse to permit a party to amend a complaint when amending the complaint would be a

---

1. In *Smith,* unsafe conditions in an open barracks system had existed in the Arkansas State Prison for more that twenty-five years, which officials had been reluctant to remedy. The court of appeals stated that "[g]iven the prison officials' long standing reluctance to implement the necessary supervision of the open barracks, we do not believe that one prisoner's grievance complaining of the situation would have had any significant impact." *Smith,* 103 F.3d at 647.

vain act." *Cisneros v. Birck* (Apr. 11, 1995), Franklin App. No. 94APE08–1255, unreported, 1995 WL 222156.

The trial court in this case decided appellant's motion to amend his complaint, and appellee's motion for judgment on the pleading in the same judgment entry. Like his original complaint, appellant's amended complaint failed to allege and show exhaustion of available administrative remedies. Thus, appellant's amended complaint failed to establish a prima facie case for relief and could not have survived appellees' motion to dismiss. It is of no consequence that the appellant sought damages in his amended complaint. A prisoner is required to exhaust administrative remedies in an action for damages, even though the damages remedy sought is not an available remedy in the administrative process. See *Wyatt, supra.* Accordingly, the trial court did not abuse its discretion by denying appellant's motion for leave to amend, since the amended complaint suffered from the same fatal defect as the original. Having found no abuse of discretion, we overrule appellant's first and second assignments of error.

For all the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE and EVANS, JJ., concur.