[Cite as *Freeman v. Mohr*, 2013-Ohio-2238.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| DWIGHT FREEMAN (#471-218), | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 11CA3461 |
| | : | |
| vs. | : | |
| | : | |
| GARY C. MOHR, DIRECTOR | : | <u>DECISION AND JUDGMENT</u> |
| OHIO DEPT. OF REHAB. & | : | <u>ENTRY</u> |
| CORR., et al. | : | |
| | : | |
| Defendants-Appellees. | : | **Released: 05/01/13** |

_____
APPEARANCES:

Dwight Freeman, Youngstown, Ohio, Appellant, pro se.

Michael DeWine, Ohio Attorney General, and Debra Gorrell Wehrle, Assistant Attorney General, Columbus, Ohio, for Appellees.
_____

McFarland, P.J.

{¶1} Dwight Freeman, appeals the decision of the trial court dismissing his complaint against Appellees, Gary Mohr, the director of the Department of Rehabilitations and Corrections, Warden Morgan, the warden at Southern Ohio Correctional Facility, and correctional officers Burk, Miller and Wiget, pursuant to Civ.R. 12(B)(1) based upon lack of jurisdiction, and also Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. On appeal, Freeman (Appellant herein) questions

whether 1) the common pleas court properly determined that Appellant's complaint failed to state a claim upon which relief may be granted "inasmuch" as Appellant failed to exhaust mandatory administrative remedies and failed to identify previous case dismissals; and 2) whether the common pleas court lacked subject matter jurisdiction.

{¶2} In light of our determination that the trial court properly concluded it lacked subject matter jurisdiction over Appellant's state law claims, Appellant's second assignment of error is overruled. Further, because we conclude that the trial court properly determined Appellant failed to comply with R.C. 2969.25 and 2969.26 in filing his complaint, Appellant's remaining claims were properly dismissed as well. Thus, Appellant's first assignment of error is also overruled. Accordingly, the decision of the trial court is affirmed.

FACTS

{¶3} On June 14, 2011, Appellant filed a complaint against, Appellees, Gary Mohr, the director of the Department of Rehabilitation and Correction, Warden Morgan, the warden at Southern Ohio Correctional Facility where Appellant was, at one time, incarcerated, and correctional officers Burk, Miller, and Wiget, as well as several other John Doe employees of the correctional facility. The complaint alleged several civil

rights violations under the Ohio Constitution and 42 U.S.C. § 1983, as well as state law claims of assault and battery, refusal to provide proper medical treatment, dereliction of duty in violation of R.C. 2921.44, and failure to train and discipline employees. The complaint further requested compensatory and punitive damages.

{¶4} Appellant's complaint stemmed from allegations of events that allegedly occurred on March 11, 2011. Specifically, Appellant alleged that when he was being escorted to the medical department for chest pain, he was physically assaulted by officers Burk, Miller and Wiget. Appellant alleged that the officers physically assaulted him causing injury to his stomach, shoulder, arm, neck, face and head. Appellant alleged that the officers also made racial slurs, used chemical mace on him, all while Appellant was in restraints, and then denied Appellant medical treatment for twelve days. Appellant claims that the officers were, at all times, acting under of state law.

{¶5} After seeking several extensions in which to file an answer to the complaint, Appellees instead filed a motion to dismiss on August 5, 2011. Appellees' motion to dismiss requested that Appellant's complaint be dismissed under Civ.R. 12(B)(1) for lack of subject matter jurisdiction, and Civ.R. 12(B)(6) for failure to state a claim upon which relief may be

granted, as well as based upon Appellant's failure to comply with R.C. 2969.25 and R.C. 2969.26 in filing his complaint.[1] In response to Appellees' motion, Appellant filed a memorandum in opposition on August 15, 2011, seeking to cure the deficiencies pointed out in Appellees' motion. For instance, Appellant attached to his memorandum a document purporting to be an affidavit stating he had exhausted his administrative remedies and also listing all of his prior civil actions brought against government entities or employees. Appellees filed a reply memorandum that Appellant's purported affidavit was invalid because it was not properly notarized.

{¶6} Subsequently, on November 4, 2011, the trial court issued an entry granting Appellees' motion to dismiss. In its decision, the trial court reasoned it lacked subject matter jurisdiction pursuant to Civ.R. 12(B)(1), and that pursuant to Civ.R. 12(B)(6), Appellant's complaint failed to state a claim upon which relief could be granted "inasmuch" as Appellant "has failed to both exhaust mandatory remedies and has failed to identify previous case dismissals before filing this action, as mandated under Revised Code Sections 2969.25 and 2969.26." It is from this entry that Appellant

---

[1] R.C. 2969.25 requires that an inmate, at the time he commences a civil action or appeal against a government entity or employee, file with the court "an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.26 governs the prison grievance system and requires that an inmate, upon commencing a civil action or appeal against a government entity or employee and if that action is subject to the grievance system for state correctional institutions, file an affidavit with the court "stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance," as well as "[a] copy of any written decision regarding the grievance from the grievance system."

now brings his appeal, setting forth the following assignments of error for our review.

ASSIGNMENTS OF ERROR

I.     WHETHER THE COMMON PLEAS COURT PROPERLY DETERMINED THAT APPELLANT'S COMPLAINT FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED INASMUCH AS APPELLANT FAILED TO EXHAUST MANDATORY ADMINISTRATIVE REMEDIES AND FAILED TO IDENTIFY PREVIOUS CASES.

II.    WHETHER THE COMMON PLEAS COURT LACKS SUBJECT MATTER JURISDICION."

ASSIGNMENT OF ERROR II

{¶7} For ease of analysis, we address Appellant's assignments of error out of order. In his second assignment of error, Appellant contends that the trial court erred in dismissing his complaint pursuant to Civ.R. 12(B)(1) based upon lack of subject matter jurisdiction. Appellant presents no argument or citation to authority in support of this assignment of error, but instead simply concludes that the common pleas court did not lack jurisdiction over his "excessive force" and "deliberate indifference" claim. Appellees counter by arguing that Appellees are entitled to immunity on all state law claims and that pursuant to R.C. 2743.02(F), the Ohio Court of Claims is vested with exclusive, original jurisdiction to decide the question of immunity. As such, Appellees contend that the common pleas court

lacked subject matter jurisdiction over Appellant's state law claims. Based upon the following reasoning, we agree with Appellees.

**{¶8}** The legal standard for deciding a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction is "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989) (per curiam). A determination of whether a court has subject-matter jurisdiction involves a question of law that we review de novo. *Roll v. Edwards*, 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶ 15; citing *Shockey v. Fouty*, 106 Ohio App.3d 420, 424, 666 N.E.2d 304 (4th Dist. 1995).

**{¶9}** Under Section 16, Article I of the Ohio Constitution, "[s]uits may be brought against the state, in such courts and in such manner, as may be provided by law." R.C. 2743.02(A)(1) provides that "[t]he state hereby waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *." Moreover, R.C. 2743.03(A)(1) provides that the Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of

the Revised Code* * *." The term "state" includes "all departments" of the state. R.C. 2743.01(A).

{¶10} As set forth above, Appellant's complaint alleged several state law claims, and, in conjunction therewith, sought compensatory and punitive damages. As this Court has previously recognized, " '[i]f a cause of action involves a civil suit for money damages against the state, the Court of Claims has exclusive, original jurisdiction even when ancillary relief-such as an injunction or declaratory judgment-is sought in the complaint.' " *Parsons v. Dept. of Youth Services*, 4th Dist. No. 09CA3302, 2010-Ohio-284, ¶ 10; quoting *State ex rel. Blackwell v. Crawford*, 106 Ohio St.3d 447, 2005-Ohio-5124, 835 N.E.2d 1232, ¶ 20.

{¶11} Here, Appellant failed to first file his complaint in the Ohio Court of Claims. "Under R.C. 2743.02(F), the Court of Claims has exclusive, original jurisdiction to determine whether a state officer or employee is entitled to immunity under R.C. 9.86." *Parsons* at ¶ 12. Thus, the trial court did not err in concluding it was without jurisdiction to consider Appellant's state law claims, and as such, it properly dismissed that portion of Appellant's complaint pursuant to Civ.R. 12(B)(1). Accordingly, Appellant's second assignment of error is overruled.

ASSIGNMENT OF ERROR I

{¶12}  In his first assignment of error, Appellant contends that the trial court erred in dismissing his complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, "inasmuch" as Appellant failed to exhaust mandatory administrative remedies and failed to identify previous case dismissals.  Much like his second assignment of error, Appellant simply concludes that there was no need for him to attach this information to his original complaint, and states that all of the required documentation was filed as an attachment to his memorandum in opposition to Appellees' motion to dismiss.

{¶13}  Appellees contend, on the contrary, that compliance with the filing requirements of R.C. 2969.25 and 2969.26 was mandatory at the time of filing, and that even if it was not, Appellant's attempt to cure the deficiency by attaching the documents to his memorandum in opposition failed because the document did not contain a valid notary.  Appellees also contend that the trial court correctly dismissed Appellant's remaining claims under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted with regard to Director Mohr and Warden Morgan, to the extent that the claims were based upon the doctrine of respondeat superior, arguing that

there is no liability on a vicarious liability or respondeat superior theory under 42 U.S.C. § 1983 for failure to act.

{¶14} As this Court previously noted in *Warwick v. DeWitt*, 4th Dist. No. 01CA2613, 2002 WL 59667, *2:

"42 U.S.C.S § 1997e(a) states: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.* (Emphasis added)."

As mentioned above, R.C. 2969.26 provides for a grievance procedure that inmates are required to follow when initiating a civil action in court, which requires that an inmate shall file with the court:

"(1) An affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance.

(2) A copy of any written decision regarding the grievance from the grievance system. See R.C. 2969.26(A)(1) and (2)." See also *Warwick* at *2.

{¶15} Additionally, as previously noted above, R.C. 2969.25 provides in section (A) that:

"At the time that an inmate commences a civil action or appeal

against a government entity or employee, the inmate shall file

with the court an affidavit that contains a description of each

civil action or appeal of a civil action that the inmate has filed

in the previous five years in any state or federal court."

As in *Warwick*, Appellant failed to satisfy the requirements of R.C.

2969.26(A) in initially filing his complaint.  Appellant likewise failed to file

an affidavit setting forth his cases in the previous five years, as required by

R.C. 2969.25(A).

{¶16}  Although Appellant attempted to cure these deficiencies by

attaching a purported affidavit to his later filed memorandum in opposition

to Appellees' motion to dismiss, the purported affidavit lacked a valid

notarial seal.  As such, the affidavit itself was invalid.  See *State ex rel.*

*Hightower v. Russo*, 8th Dist. No. 82321, 2003-Ohio-3679, ¶ 5 (stating that

an affidavit lacking a notary fails to comply with the requirements of R.C.

2319.01 through 2319.04.)  R.C. 2319.02 defines an affidavit as "a written

declaration under oath, made without notice to the adverse party."

{¶17}  Further, as noted by the Eleventh District in *State ex rel.*

*Trawick v. Trumbull Corr. Inst.*, 11th Dist. No. 2012-T-0071, 2012-Ohio-

5839, ¶ 15:

"The Ohio Supreme Court has maintained, with 'longstanding insistence,' that 'only a written declaration made under oath before a proper officer qualifies as an "affidavit." ' *Toledo Bar Assn. v. Neller*, 102 Ohio St.3d 1234, 2004-Ohio-2895, 809 N.E.2d 1152, ¶ 24. 'Notaries public are * * * the persons who most often administer the oaths that appear on affidavits.' Id. at ¶ 11."

**{¶18}** In light of Appellant's failure to comply with the mandatory filing requirements of R.C. 2969.25 and 2969.26, we conclude that the trial court properly dismissed Appellant's remaining claims. *Martin v. Ohio Dept. of Rehabilitation and Correction*, 140 Ohio App.3d 831, 836, 749 N.E.2d 787, (4th Dist. 2001) ( finding that "exhaustion of administrative remedies is a requirement in a prisoner's Section 1983 claim that must be specifically averred in the complaint, and that failure to do so renders the complaint subject to dismissal. Civ.R. 9(C).").[2] Further, we conclude that the trial court's dismissal of Appellant's remaining claims was appropriate, without resort to the application of Civ.R. 12(B)(6). See *Semenchuck v. Ohio Dept. of Rehabilitation and Correction*, 10th Dist. No., 10AP-19, 2010-Ohio-5551, ¶ 28 ("Compliance with R.C. 2969.26 is mandatory and the

---

[2] Civ.R. 9(C) addresses conditions precedent when pleading special matters.

failure to satisfy this statutory requirement is grounds for dismissal.")
(Internal citations omitted); *State ex rel. Trawick v. Trumbull Corr. Inst.*,
supra, at ¶ 14; quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11,
2003-Ohio-2262, 788 N.E.2d 634, ¶ 5 ("The requirements of R.C. 2969.25
are mandatory, and failure to comply with them subjects an inmate's action
to dismissal.").

{**¶19**} Further, although Appellees argue that the claims against
Director Mohr and Warden Morgan that were based upon the theory of
respondeat superior were properly dismissed in accordance with Civ.R.
12(B)(6), a review of the trial court's entry indicates that it did not reach its
decision on this basis, but rather hinged its decision on Appellant's failure to
comply with the mandatory statutory filing requirements.  As such, we see
no need to address this additional issue raised by Appellees on appeal.  Thus,
Appellant's first assignment of error is overruled.

{**¶20**} Having failed to find any merit in the assignments of error
raised by Appellant, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and costs herein be taxed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court,

BY:    _____
          Matthew W. McFarland
          Presiding Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**