[Cite as *Rose v. Cochran*, 2014-Ohio-4979.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| J.R. ROSE, | : | Case No. 14CA3445 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| WAYNE COCHRAN, | : | |
| Defendant-Appellee. | : | **RELEASED: 11/4/2014** |

<u>APPEARANCES</u>:

J.R. Rose, Chillicothe, Ohio, pro se appellant.

Michael W. Sandner, Pickrel, Schaeffer & Ebeling Co., L.P.A., Dayton, Ohio, for appellee.

Harsha, J.

{¶1}     J.R. Rose is a former insurance agent who was convicted and sentenced to prison for the sale of unregistered securities, perjury, and forgery in connection with his fraudulently purchasing annuities with forged signatures.  Rose filed a complaint in the Ross County Court of Common Pleas against Wayne Cochran, a former client, alleging claims of insurance fraud, libel and slander, fraud, and unjust enrichment against Cochran. The trial court granted summary judgment in Cochran's favor and dismissed the complaint.

{¶2}     In his first assignment of error Rose asserts that the trial court committed five instances of prejudicial error when it failed to comply with applicable law.  In his first contention, Rose claims that the trial court erred in denying his motion to amend his complaint under Civ.R. 15(E).  Rose's claim is meritless because he could not supplement his complaint under Civ.R. 15(E) to add new claims.  Insofar as his motion

could be construed as a motion to amend his complaint under Civ.R. 15(A), the trial

court did not abuse its discretion in denying the motion because he could not file an

amended complaint as a matter of right after Cochran had submitted a timely answer to

the original complaint; moreover, he failed to make a prima facie showing of support for

the new claims he sought to be pleaded.

{¶3}    In his second contention Rose claims that the trial court erred in denying

his motion to compel discovery.  The trial court did not abuse its discretion in doing so

because Rose did not establish that Cochran had failed to comply with discovery.

{¶4}    In his third and fourth contentions Rose asserts that the trial court erred in

granting Cochran's motion for summary judgment because the motion was premature,

the trial court considered material outside the complaint, Cochran's affidavit in support

of his motion was defective because it was undated and had been previously filed, and

Rose's affidavit and exhibits raised a genuine issue of material fact.  There is no merit in

any of these contentions.

{¶5}    In his fifth contention Rose argues that the trial court erred in determining

that he did not provide sufficient evidence of fraud to preclude summary judgment.  The

trial court properly determined, however, that Rose failed to submit any evidence that he

was the victim of the alleged fraud.  Therefore, we overrule Rose's first assignment of

error.

{¶6}    In his second assignment of error Rose contends that the trial court erred

by failing to impose sanctions against Cochran's counsel for misconduct during the

proceedings.  Rose's contention is meritless because he did not establish any

misconduct.  Thus, we overrule Rose's second assignment of error and affirm the judgment of the trial court.

## I. FACTS

{¶7}  Rose was a licensed insurance agent in Ohio, but he lacked a securities license and failed to register any securities.  Rose established bank and brokerage accounts registered in his name and entities under his control to pool money received from investors in Butler County, Ohio.  Rose defrauded investors of their money, commingled investor funds with his own money, and paid personal expenses out of the accounts.  Eventually, his fraudulent practices acted like a Ponzi scheme in which he was dependent on deposits from new investors to continue paying existing investors.  Ultimately, he received millions of dollars from investors who he was unable to fully reimburse.

{¶8}  In 2007, the director of the Ohio Department of Commerce filed a verified complaint in the Lucas County Court of Common Pleas for injunctive relief and the appointment of a receiver to act on behalf of the investors who had been defrauded by Rose.  Rose consented to the receivership, and the court appointed a receiver and issued a preliminary injunction preventing Rose from selling securities in violation of the Ohio Securities Act.

{¶9}  That same year Rose entered a guilty plea to a bill of information filed in the Butler County Court of Common Pleas charging him with felony counts of sale of an unregistered security, perjury, and forgery.  In April 2008, the court sentenced Rose to an aggregate prison term of 20 years.  A month later the receiver issued an amended report in the Butler County Court of Common Pleas setting forth the classification and

priority of claims of the victims of the fraud perpetrated by Rose. The receiver determined that Cochran had paid over $101,000 to Rose and that the ending value of the annuities purchased was about $26,000, but because of the money to be paid out to other claimants injured by Rose's misconduct, Cochran's net claim would only be $10,375.82.

{¶10} After Rose was convicted and sentenced, Cochran wrote a letter to National Western Life Insurance Company ("National Western") to terminate an annuity contract Rose set up with the company and to surrender the account value without any fees or penalties. Cochran also sent a letter provided by the receiver noting that investors like Cochran had suffered more than $13,000,000 in losses resulting from Rose's forgeries and other illegal acts, including those who owned annuities that were purchased with their forged signatures, and requesting companies to waive any penalties in light of these circumstances. The application contained the signatures of Cochran and agent Robin Whiles, but did not include Rose's signature. Sometime thereafter, National Western terminated the annuity.

{¶11} In January 2011, Rose filed a complaint in the Ross County Court of Common Pleas alleging that by sending letters to National Western detailing Rose's misconduct, the company terminated the annuity, which resulted in a reversal of the $585 sales commission received by Rose to his detriment. Rose claimed that Cochran's actions constituted insurance fraud under R.C. 2913.47, libel and slander, unjust enrichment, and fraud. Cochran filed a Civ.R. 12(B)(6) motion to dismiss Rose's complaint for failure to state a claim upon which relief can be granted, but relied on an

affidavit of himself and exhibits that were not attached to the complaint.  The trial court granted Cochran's motion and dismissed the cause.

{¶12}  We reversed the judgment and remanded the cause because the trial court erred when it considered additional evidence beyond the complaint without converting the motion to dismiss to a motion for summary judgment as required by Civ.R. 12(B).  *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729.

{¶13}  After a tortuous procedural history following remand, the case finally ended up back in Ross County Court of Common Pleas. Subsequently, Rose filed motions to compel discovery and to amend his complaint.  After the trial court denied both motions, the parties filed motions for summary judgment.  Cochran filed his previously filed affidavit and exhibits.  Rose filed his own affidavit and exhibits.  The trial court granted Cochran's motion, overruled Rose's motion, and dismissed the cause.

## II. ASSIGNMENTS OF ERROR

{¶14}  Rose assigns the following errors for our review:

I. Whether the trial court committed prejudicial error when it failed to comply with Ohio Law.

II. Whether the lower court abused its discretion in failing to sanction the misconduct of counsel.

## III. LAW AND ANALYSIS

### A.  First Assignment of Error

{¶15}  In his first assignment of error, Rose contends that the trial court committed prejudicial error by acting contrary to law in five separate circumstances.

Motion to Amend Complaint

{¶16} In his first contention Rose asserts that the trial court erred by denying his motion to amend his complaint. In the motion Rose claimed that he wanted to amend his complaint pursuant to Civ.R. 15(E) to add new claims for breach of contract and for violation of the Ohio Blue Sky Laws. Rose claims that he was entitled to an amendment as a matter of right because Cochran did not timely file an answer to his original complaint within the required period after the case was transferred back to the Ross County Court of Common Pleas from another jurisdiction. His claim is meritless because Cochran had already filed his answer after we reversed the trial court's dismissal of Rose's complaint in his first appeal. "Pursuant to Civ.R. 15(A), once an answer to a complaint is served, a party may amend a pleading only by leave of the court or by written consent of the adverse party." *See Martin v. Ohio Dept. of Rehab. and Corr.*, 140 Ohio App.3d 831, 837, 749 N.E.2d 787 (4th Dist.2001).[1] In the absence of Cochran's consent, Rose's requested amendment required leave of court.

{¶17} "The decision to grant or deny a motion for leave to amend a pleading is within the sound discretion of the trial court. * * * Thus, we will not reverse a court's decision denying a motion for leave to amend, absent an abuse of discretion." *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006-Ohio-6289, 863 N.E.2d 1092, ¶ 28 (4th Dist.); *Fifth Third Bank v. Rankin*, 4th Dist. Pickaway No. 10CA45, 2011-Ohio-2757, ¶ 36. An abuse of discretion occurs when a decision is unreasonable, arbitrary,

---

[1] Nor did Cochran violate the time requirements of Civ.R. 12(A) by filing his answer to the amended complaint more than 14 days after we reversed the trial court's dismissal of the cause pursuant to his Civ.R. 12(B)(6) motion. *See BAC Home Loans Servicing, LP v. Kolenich*, 12th Dist. Butler No. CA201-01-001, 2012-Ohio-5006, ¶ 27 ("There is nothing in Civ.R. 12(A)(2) that provides any express guidance as to what to do in situations like the one here, where the trial court has entered final judgment in the case, but the court of appeals reverses that judgment and remands the matter to the trial court for further proceedings consistent with the court of appeals' opinion. Therefore, [appellants'] reliance on the 14-day time limits in Civ.R. 12(A)(2)(a) and 12(A)(2)(b) is misplaced"). In fact, Rose does not claim otherwise.

or unconscionable.  *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136

Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 25.

{¶18}  We conclude that the trial court did not act in an unreasonable, arbitrary,

or unconscionable manner in denying Rose leave to amend his complaint to add two

new claims for relief.  First, Rose requested leave to amend pursuant to Civ.R. 15(E),

which permits parties to file a motion, and upon reasonable notice and such terms as

are just, to "serve a supplemental pleading setting forth transactions or occurrences or

events which have happened since the date of the pleading sought to be

supplemented."  *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-

Ohio-3328, 974 N.E.2d 3328, ¶ 18.

{¶19}  Under Civ.R. 15(E), a supplemental pleading is a mere addition to or

continuation of the original complaint and cannot be used to raise new and different

causes of action.  *Gilson v. Windows and Doors Showcase, LLC*, 6th Dist. Fulton Nos.

F-05-017 and F-05-024, 2006-Ohio-292, ¶ 26; *Mork v. Waltco Truck Equipment Co.*, 70

Ohio App.3d 458, 461, 591 N.E.2d 379 (9th Dist.1990), citing *State ex rel. Dickman v.

Defenbacher*, 151 Ohio St. 391, 394, 86 N.E.2d 5 (1949) ("A new and different cause of

action cannot be raised by a supplemental pleading"); *Peoples Bank of Point Pleasant

v. Yeager*, 4th Dist. Gallia No. 91CA34, 1993 WL 63458 (Mar. 2, 1993), *5 ("an

amended pleading is designed to include matters occurring before the filing of the

complaint but [were] either overlooked or not known at the time, whereas a

supplemental pleading is designed to cover matters subsequently occurring but

pertaining to the original cause").  Rose does not claim that the additional claims that he

wanted to raise were based on events that had occurred after he filed his original

complaint.  Therefore, Rose could not supplement his complaint under Civ.R. 15(E) to raise two new claims of breach of contract and Ohio Blue Sky Law violations based on facts that were present when he filed his original complaint.

{¶20}  Second, insofar as Rose's motion could have been considered a motion for leave to amend it still was properly denied.  Although Civ.R. 15(A) provides that leave of court shall be freely given when justice so requires, there is no absolute or unlimited right to amend a complaint.  *See, generally, Kinchen v. Mays*, 8th Dist. Cuyahoga No. 100672, 2014-Ohio-3325, ¶ 17.  "Where a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading."  *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991), syllabus; *Townsend v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 11AP-672, 2012-Ohio-2945, ¶ 34; *Kinchen* at ¶ 17.  This requirement ensures that a proposed amendment is not a delaying tactic or one which would cause prejudice to the opposing party.  *Darby v. A-Best Products Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, ¶ 20, citing *Wilmington Steel* at 122.

{¶21}  Rose filed his motion to amend nearly two years after he filed his original complaint and stated only that he requested "an amendment to the original complaint relating to the operative facts pursuant to Civ.R. 15(E)" and "the addition of the applicable Blue Sky Laws, including Defendant's breach of contract."  He did not attach a proposed amended complaint and did not specify the facts or evidence supporting the addition of either of his new claims for relief.  Under these circumstances, Rose did not make a prima facie showing to support the new claims he wanted to raise.  Therefore,

the trial court did not abuse its discretion by denying Rose's motion to amend his complaint.

## Motion to Compel

**{¶22}** In his second contention Rose claims that the trial court erred in denying his motion to compel discovery.  Courts have broad discretion over discovery matters so a reviewing court reviews these rulings only for an abuse of discretion.  *State ex rel. Duncan v. Middlefield*, 120 Ohio St.3d 313, 2008-Ohio-6200, 898 N.E.2d 952, ¶ 27; *State ex rel. V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998) (applying the abuse-of-discretion standard of review to a trial court's denial of a motion to compel discovery); *Watson v. Highland Ridge Water & Sewer Assn., Inc.*, 4th Dist. Washington No. 12CA12, 2013-Ohio-1640, ¶ 20.

**{¶23}** In his motion and attached declaration Rose stated that Cochran, through his trial counsel, provided evasive answers to interrogatories propounded by Rose and that Cochran provided a defective affidavit with no jurat in the answers.  However, Rose did not attach the discovery he objected to or submit any evidence to support his contentions.  Consequently, the trial court denied his motion to compel discovery because "there have been no documents provided to the court that discovery has been requested or not provided by defendant."  Because there is nothing in the record that supports Rose's claims that Cochran provided evasive answers to interrogatories or a defective affidavit with those answers, the trial court did not abuse its broad discretion in denying his motion to compel discovery.

## Summary Judgment

{¶24} In his third, fourth, and fifth contentions Rose challenges the propriety of the trial court's entry of summary judgment in favor of Cochran. Appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56. *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19. Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made. Civ.R. 56; *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Chase Home Finance, LLC v. Dunlap*, 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, ¶ 26.

{¶25} The moving party has the initial burden, by pointing to summary judgment evidence, of informing the trial court of the basis for the motion and identifying the parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Chase Home Finance* at ¶ 27. Once the moving party meets this initial burden, the non-moving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue remaining for trial. *Dresher* at 293.

{¶26} Rose claims that Cochran's motion for summary judgment was premature because Cochran did not timely file an answer to his complaint. Cochran counters that because he did file an answer, he was entitled to file his motion for summary judgment under Civ.R. 56(A), which authorizes a party seeking affirmative relief to "move for summary judgment at any time after the expiration of the time permitted under these

rules for a responsive motion or pleading by the adverse party." Both parties erroneously cite Civ.R. 56(A) because Cochran was the defending party in the trial court. Therefore, Civ.R. 56(B) applied, and because the case had not been set for pretrial or trial, Cochran could "at any time, move with or without supporting affidavits for a summary judgment in [his] favor as to all or any part of the claim[s]." *Ogle v. Kroger Co.*, 4th Dist. Hocking No. 13CA22, 2014-Ohio-1099, ¶ 17; King *v. Rubber City Archives, L.L.C.*, 9th Dist. Summit No. 25498, 2011-Ohio-2240, ¶ 30. Cochran timely filed his motion for summary judgment in accordance with Civ.R. 56(B) and the trial court properly considered it.

**{¶27}** Next Rose claims that the trial court erred by considering materials outside the complaint in contravention of this court's ruling in his first appeal. Rose is incorrect. That appeal involved a Civ.R. 12(B)(6) motion to dismiss and not a Civ.R. 56 motion for summary judgment. Although a court cannot consider materials outside the complaint in determining a Civ.R. 12(B)(6) without converting the motion to dismiss to a motion for summary judgment, that same limitation does not apply when the court considers a properly filed motion for summary judgment. *See* Civ.R. 56(C) detailing the evidence that may be considered in a summary judgment determination.

**{¶28}** Rose further contends that the trial court erred in granting summary judgment in favor of Cochran because Cochran's affidavit was defective in that it had previously been filed in the case and did not include a specific date when it was executed. Cochran refiled his affidavit, which he had originally submitted in support of his motion to dismiss the complaint, and the affidavit stated that it was executed in February 2011, but did not include a specific day. Rose cites no authority in support of

his proposition that an affidavit is defective and cannot be considered in a summary judgment determination when it had previously been filed in the same action or does not include a specific date when it was executed.

**{¶29}** Civ.R. 56(E) sets forth the requirements for affidavits submitted in support of or in opposition to a motion for summary judgment. *Wesley v. Walraven*, 4th Dist. Washington No. 12CA18, 2013-Ohio-473, ¶ 24. Under Civ.R. 56(E), "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated in the affidavit." Cochran's affidavit met these requirements. There are no additional requirements that would automatically preclude an affidavit simply because it was previously filed in the same or a different action or lacks a specific date. Therefore, the trial court did not err insofar as it considered Cochran's affidavit in its summary judgment determination.

**{¶30}** Next Rose claims that the trial court erred in granting Cochran summary judgment. He contends that his affidavit and attached exhibits raised a genuine issue of material fact. In his complaint Rose raised claims of insurance fraud under R.C. 2913.47, libel and slander, unjust enrichment, and fraud. Rose specifically concedes that he did not state a claim for insurance fraud under R.C. 2913.47 or a claim for libel and slander. And he does not specifically contend that the trial court erred in granting summary judgment on his unjust enrichment claim. Instead, his argument is limited to his claims of fraud, breach of contract, and violation of Ohio Blue Sky Laws. As noted previously, these latter two claims were not properly before the trial court because the

trial court properly denied his motion to amend his complaint to add these new claims. Therefore, the only remaining claim at issue is Rose's claim of fraud.

**{¶31}** A plaintiff must prove the following elements to establish fraud: "(1) a representation (or concealment of a fact when there is a duty to disclose), (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 27; *Bear v. Bear*, 9th Dist. Summit No. 26810, 2014-Ohio-2919, ¶ 23.

**{¶32}** Rose's fraud claim was based on the letter Cochran wrote to National Western to terminate an annuity contract Cochran claimed had been set up by Rose. Rose contended that he lost commission fees as an agent on the sale of the annuity when National Western terminated it based on Cochran's fraudulent misrepresentation. But the uncontroverted summary judgment evidence established that the insurance agent who signed Cochran's application for the annuity was Robin Whiles, not Rose. Therefore, harm caused by any alleged misrepresentation injured Whiles and not Rose. " 'The elements of fraud must be directed against the alleged victim.' " *See Wiles v. Wiles*, 10th Dist. Franklin No. 12AP-989, ¶ 33, quoting *Moses v. Sterling Commerce Am., Inc.*, 10th Dist. Franklin No. 02AP-161, 2002-Ohio-4327, ¶ 21. Consequently, summary judgment was properly entered in favor of Cochran on Rose's fraud claim.

**{¶33}** The trial court did not err in entering summary judgment in favor of Cochran. Nor did the trial court abuse its discretion in denying Rose's motions to

amend his complaint and to compel discovery.  We overrule Rose's first assignment of error.

## B.  Second Assignment of Error

## Sanctions for Frivolous Conduct

**{¶34}**  In his second assignment of error Rose asserts that the trial court abused its discretion by failing to impose sanctions for the misconduct of Cochran's counsel. Although Rose did not file a separate motion for sanctions, he requested sanctions for Cochran's attorney's frivolous conduct pursuant to R.C. 2323.51 in his motions for summary judgment and to strike Cochran's memorandum in opposition to his motion for summary judgment.  We assume without deciding this was sufficient to raise such a claim.  *See Charlie Asmus Family Farm, Inc. v. Haskins*, 6th Dist. Wood No. WD-08-050, ¶ 29, citing *Buettner v. Bader*, 6th Dist. Lucas No. L-97-1106, 1998 WL 30539 (Jan. 9, 1998) ("although the defendants did not file a separate motion for attorney fees pursuant to R.C. 2323.51, by filing a counterclaim alleging frivolous conduct, the defendants set forth a claim within the ambit of R.C. 2323.51 and the trial court, therefore, had jurisdiction to award attorney fees on the basis of frivolous conduct").

**{¶35}**  "R.C. 2323.51 provides for an award of attorney fees to a party harmed by 'frivolous conduct' in a civil action."  *Moss v. Bush*, 105 Ohio St.3d 458, 2005-Ohio-2419, 828 N.E.2d 994, fn. 3.  "The General Assembly vests the decision whether to award sanctions, including an award of reasonable attorney fees, in the court."  *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 10; R.C. 2323.51(B)(1) ("The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct ").  The trial court's

decision whether to award sanctions under R.C. 2323.51 will not be reversed absent an abuse of discretion. *Striker* at ¶ 11. Frivolous conduct subject to sanctions includes conduct by a party's counsel that "obviously serves to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation" or "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(i) and (ii).

{¶36} Rose claims that Cochran's counsel engaged in misconduct by relying on materials outside the complaint in support of his motion for summary judgment and for relying on an undated and outdated affidavit. For the reasons previously discussed, counsel was justified in relying on these summary judgment materials so he did not commit misconduct in this regard.

{¶37} Next Rose cites Cochran's counsel's statement in his memorandum in opposition to his motion for summary judgment that "in the Plaintiff's motion for summary judgment Plaintiff makes a variety of statements and/or assertions, none of which are supported by affidavit testimony or other evidence." This statement constitutes a fair assessment of Rose's motion and is within the bounds of reasonable argument, even though it is disputed by Rose. A party is not frivolous merely because a claim or contention is not necessarily well-grounded in fact; the statute is not intended to punish mere misjudgment or tactical error. *See, generally, State ex rel. Verhovec v.*

*Marietta*, 4th Dist. Washington Nos. 11CA29, 12CA52, 12CA53, 13CA1, and 13CA2, 2013-Ohio-5414, ¶ 47.

**{¶38}** Finally, Rose cites Cochran's counsel's certification that he had served Rose with a copy of his memorandum in opposition to Rose's motion for summary judgment by regular mail on February 17, 2014, when it was later disclosed that the copy was not mailed until a week later. In Cochran's memorandum in opposition to Rose's motion to strike the memorandum for improper service, however, Cochran provided evidence by affidavit that a copy of the memorandum was indeed sent by regular mail on February 17, but when it was returned for insufficient postage, the copy was resent by regular mail with sufficient postage to Rose. We find no misconduct, much less frivolous conduct, by Cochran's trial counsel by the oversight in the initial mailing. And because the memorandum was subsequently properly served, there is no indication of any prejudice to Rose.

**{¶39}** The trial court did not abuse its discretion by failing to impose sanctions against Cochran's trial counsel because Rose did not establish that he engaged in any frivolous conduct. We overrule Rose's second assignment of error.

### IV. CONCLUSION

**{¶40}** The trial court properly entered summary judgment and did not abuse its discretion by denying Rose's motions to amend his complaint and compel discovery and failing to impose sanctions against Cochran's trial counsel. Having overruled Rose's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.



For the Court



BY:  _____
William H. Harsha, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**